ASAHEL GRIDLEY

*v.*

THE LAFAYETTE, BLOOMINGTON AND MISS. RY. CO.

1. OFFICERS OF RAILWAY COMPANY—*right to compensation for services.* The president and directors of a railway company, occupying the position of trustees of the funds and property of the company, are not entitled

to any compensation for their ordinary services as such officers, unless the salary is fixed by the by-laws or a resolution of the board, before the services are performed.

2.  If the finance committee of a railway company audits an account of the president of the company for ordinary services, and draws an order for its payment, where no compensation has been provided before the services were rendered, it will be illegal, and no recovery can be had upon the same.

3.  If the president of a railway company or a director performs extraordinary duties, not pertaining to his office, or expends money of his own while discharging the duties of his office, he will be entitled to recover for the same.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. H. SPENCER, and Mr. O. T. REEVES, for the appellant.

Mr. L. E. PAYSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, that some time about the month of September, 1867, appellant was elected president of the board of directors of the defendant company, and served in that capacity until the last of January, 1872. Neither prior to his election, nor at any time afterward, did the board of directors prescribe, by resolution or by-law, what sum, if any, the president should receive for services he should render; but it seems to have been understood, at the time of his election, that he should receive a fair compensation.

An executive committee was appointed, with power to manage and direct the business affairs of the company as they should deem best, in all cases where no specific directions should be given by the board of directors, and to take a general supervision of the finances of the company; and it was imposed as a duty of the committee to examine, and, if proper, to audit all bills and accounts or vouchers paid or to be paid by the treasurer, and, so far as practicable, such examination was required to be made before payment. Appellant was

appointed a member of that committee. He was, at the organization of the company, elected a director, and was annually re-elected to that position. as well as president, and continued a member of the executive committee.

During the time appellant was president and a member of the executive committee, he made several trips to Ohio, and went to New York, for the purpose of contracting for the construction of the road, and aided in leasing it at Toledo, under which lease it was constructed. He also made several trips to other places, and aided in procuring local subscriptions, by carrying elections, for the purpose. He made out his account at $5000, which was audited by the executive committee, of which he was a member but in which he seems to have taken no part, and an order was passed on the treasurer for that sum, and a warrant of attorney was given, and a judgment was afterwards confessed, but, on a motion made by the company, it was set aside, and the corporation was let in to plead. It also appears that, at the time the road was leased, the sum of $25,000 was reserved and set apart for the payment of the salaries of the president, treasurer, secretary, and other officers of the company.

A trial was had by the court, by consent, without the intervention of a jury. The issues were found for plaintiff, and his damages assessed at $3000, and a judgment rendered for that sum. Both parties appeal the case to this court, and assign errors on the record, and the two cases were consolidated and considered as one, with assignment of cross errors.

In the case of *Holder* v. *The Lafayette, Bloomington and Mississippi Railway Co., ante* 106, it was held, upon a careful examination of the authorities, that the directors of such a company, having the control of its finances and property, were not entitled to compensation for services pertaining to the office, unless the salary was fixed by the by-laws or a resolution of the board before the services were performed; that in such cases the directors were managers or governors of the affairs of the company, and occupied the position of

trustees of the fund, and as such were not, under the common law, entitled to make any profit or derive any advantage from the position. And the president, being a director and one of the managers of the company, and when acting as president only aiding the board, of which he is the head, in executing the trust, must, for the same reason, fall within and be governed by the same rule.

In the case of *Kilpatrick* v. *The Penrose Ferry Co.* 49 Penn. St. R. 121, which was much like this, it was held, that the president and treasurer could not recover on the *quantum meruit*. In the opinion, the court said : "Compensation of corporate officers is usually fixed by a by-law or resolution, either of the directors or stockholders; but where no salary is fixed none can be recovered. These offices are usually filled by the chief promotors of the corporation, whose interest in the stock or other incidental advantages is supposed to be a motive for executing the duties of the office without compensation, and this presumption prevails until overcome by express pre-arrangement of salary." And *The Commonwealth* v. *Crane*, 6 Metc. 64, was referred to, and it was held the rule was just as applicable to the president and treasurer, or other officers, as to directors. And it was further said : "That they may not consume what they were appointed to preserve; their compensation must be expressly appointed before it can be recovered at law." This, and the authorities referred to in *Holder* v. *The Lafayette, Bloomington and Mississippi Railway Co. supra*, establish beyond doubt that the president, for the performance of his duties as such, has no claim for compensation, as it was not fixed before he discharged the duties. Nor does the fact that the finance committee audited the account and drew an order for its payment, as was held in *Duston* v. *The Impl. Gas Co.* 3 Barn. and Adol. 125, bind the company, as it was illegal to allow the claim.

Again, appellant was a member of the executive committee which passed upon and allowed his claim, in his own favor, against the company of which he was president, but in which

he did not participate. But, although he did not act on the committee at the time, it does appear that the committee did agree that the $25,000 should be appropriated for the payment of the officers of the company, and he was a party to that agreement, and the drawing of the order, subsequently, on the treasurer, was but carrying that arrangement into effect. And it may well be doubted whether the board of directors has the power to authorize the confession of a judgment in their own favor against their company. The evidence failed to show that appellant performed any duties outside of those devolving on him as president or director. The mere fact that he did so under the name of a committeeman, can not, in the slightest degree, alter his rights. It has been held, and the rule is reasonable, that where such an officer performs extraordinary duties, not pertaining to his office, he may recover a reasonable compensation. *Hall* v. *The Vermont and Massachusetts Railroad Co.* 28 Vt. 401. But the evidence shows no such services performed. Or had the president or other officer expended money of their own whilst discharging the duties pertaining to their offices, there can be no question but they might recover therefor.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*