[No. 5557.]

MARTIN CLARK, Administrator of the Estate of W. P. C. WHITING, Deceased, et als. *v.* CITY AND COUNTY OF SAN FRANCISCO et als.

EJECTMENT FOR OUTSIDE LANDS.—The C. H. and R. Association made application to the Board of Supervisors of San Francisco for a parcel of the *outside lands*, under the ordinances of the City and County, and statutes of the State, applicable to the disposition of such lands; caused its claim to be delineated on the "Outside Land Map," paid the assessments and taxes thereon, and proved its right and possession to the satisfaction of the Board. A portion of the land claimed was taken for a park, under the ordinances and statutes aforesaid. The plaintiffs had themselves previously conveyed to the association. *Held*, that plaintiffs, who now claim an interest in the land awarded to the C. H. and R. A., but who made no application to the Supervisors, nor notified the Board of their claim—who did not have their claim delineated on the map, nor pay any assessments or taxes—cannot maintain an action against the *City and County of San Francisco* for a part of the assessed value of the land so taken for the park.

CORPORATION—DIRECTORS AFTER DISSOLUTION.—Prior to the Codes, when a corporation was dissolved, the directors continued to be trustees of the creditors and stockholders for certain purposes, or in case the directors died subsequent to the dissolution, the District Court could appoint new trustees for like purposes; such trustees were necessary parties to an action affecting the property of the corporation, without whose presence as parties the legal title of the corporation to real estate could not be transferred, its affairs settled, or its property distributed.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

Plaintiffs claimed that in 1862 they were the owners of certain "outside lands" in San Francisco. In that year a corporation was organized, to continue for the term of two years, a Board of Trustees being duly appointed, with Isaac Rowell as President, and Edward Flanagan as Secretary. The object for which the corporation was organized was to purchase the above mentioned land, lay out the same, divide the whole or any part thereof into lots suitable for homesteads, sell homestead lots, improve the ground, and make the same accessible by building a road to it. The plaintiffs and their cotenants executed a deed conveying to the corporation the lands before mentioned, for the purposes of the corporation, and to provide homesteads for the members of the corporation.

The corporation accepted the conveyance, and agreed to pay for the land thereby conveyed the sum of fifty-six thousand dollars within two years from the date of the deed.

The corporation was dissolved by limitation at the expiration of two years from the filing of the certificate of incorporation.

No part of the sum of fifty-six thousand dollars mentioned in the conveyance was ever paid, nor was any division of the land ever made as was intended by the articles of incorporation. The City condemned about two hundred and seventy acres of the land for a park, and the corporation paid all back taxes and outside land assessments on the land outside the park, and had the lands delineated on the outside land map, and the City conveyed to the corporation the lands outside the park. The Tax Collector of the City and County had collected at least ninety-five per cent. of the value of the reservations made for public purposes, and the value of the property of the corporation so condemned was sixty-five thousand nine hundred and sixteen dollars, and ninety-five per cent. of that amount had been collected.

After the dissolution of the corporation, Rowell and Flanagan, pretending to act as President and Secretary, and without any power or authority, and in fraud of the rights of plaintiffs, executed deeds of a portion of the lands to the defendants and their grantors, and they had full notice that Rowell and Flanagan had no authority to execute the same. The further facts are found in the opinion. A nonsuit was granted, and plaintiffs appealed.

*G. F. & W. H. Sharp*, and *Naphtaly & Neuman*, for Appellants.

1. Under the Act of March 27th, 1868, the title to the lands became vested in the City upon their condemnation; a deed was not necessary to pass the title.

The City granted title to all lands within the Van Ness Ordinance—confirmed by Act of March 27th, 1868—except the reservations. No grant being made to the possessors of the land within the reservations, of course no deed was necessary to be executed by them. The tax imposed under Order 800

was for the purpose of paying parties in possession of the land which was reserved and taken for public use, and after the parties so possessed had complied with said ordinance, and paid the tax and assessments imposed upon said land, the City made a deed and confirmed their title to the same, as provided for in said order.

2. Plaintiffs do not claim as stockholders, nor do they proceed against the corporation because it is no longer in existence, but they proceed against the late officers of that corporation and their grantees, on the ground that the purposes for which the corporation was organized were not carried out; that the conveyance was made to the corporation for those purposes and not otherwise, and that the officers of the corporation in not carrying out said intentions, and in conveying a portion of the property of said corporation after the same had been dissolved, were guilty of fraud and committed a breach of trust, and plaintiffs therefore claim equitable relief as against said officers and their grantees. (*Neall* v. *Hill*, 16 Cal. 146.)

The proof shows that Rowell and others, pretending to represent the corporation, and as the agents of plaintiffs, had, after the time limited for its existence, received from the City of San Francisco a large amount of money for land which had been taken for a public park, and had refused to distribute the same among the parties who were entitled to it.

The Court erred in granting the defendants' motion for a nonsuit, for the following reasons, viz:

*a.* That it appeared from the pleadings and proof in this case that Isaac Rowell was, at the time he conveyed the several undivided interests, the owner, and in possession of the demanded premises, and that the parties in this action held and were in the possession thereof as tenants in common, claiming and owning an undivided interest therein, and that the conveyance executed by the plaintiffs to the corporation was merely for the purpose of allowing the corporation to subdivide said lots into homesteads, and to sell the same in small lots for the best advantage to the parties owning the eight hundred and fifty-three acres of land, and to pay from the first proceeds of sale said sum of fifty-six thousand dollars, being the amount which was

to be paid by the corporation for the land to the plaintiffs and their co-owners, and that the corporation was formed solely for such object.

*b.* That the corporation accepted the conveyance, but failed to apply any portion of the fifty-six thousand dollars due to the plaintiffs and their cotenants, who executed the conveyance.

*c.* That the plaintiffs and the defendants are the only members of said corporation, and that the Court, having jurisdiction over all the parties, had power to make a decree protecting all their rights.

*W. C. Burnett*, for City and County of San Francisco, Respondent.

1. Plaintiffs are not entitled to receive · compensation for lands reserved to public use, because they had no claim delineated upon the " Outside Land Map "; but all the lands so reserved were delineated at the request of and in the name of the " Citizens' Homestead and Road Association." (Stats. 1867–8, p. 379, secs. 4 and 8.)

2. Plaintiffs are not entitled to a deed from the City and County, among other reasons, because :

*a.* The lands were not delineated to them upon the Outside Land Map.

*b.* Plaintiffs were not petitioners to the Board of Supervisors, and no copy of complaint was filed with the Clerk of that Board ; nor did plaintiffs pay the taxes or outside land assessments. (Stats. 1869–70, p. 353, sec. 3.)

*Barstow, Stetson & Houghton*, also for Respondents.

The bare statement of this controversy is enough, if correct, to show that plaintiffs had no case, and were properly nonsuited; and that the appeal is without merit, indeed that there is nothing to argue. Not, perhaps, until now has it been claimed that one portion of a Board of Trustees (for such are plaintiffs and those claiming under them) of a defunct corporation holding land, may maintain an action long after the corporation expired, against persons claiming under deeds from the corporation and

their grantees, and from the city and their grantees and successors in interest, on the ground that after the expiry persons "pretending to act" as officers of the corporation undertook to convey a portion of its lands away without any authority so to do. This doctrine has at least the charm of novelty. Take plaintiffs at their word, and the deed of Rowell and Flanagan, being a mere pretense and a sham, as plaintiffs claim that it was, could convey nothing. But if it operated as a cloud upon any real title of plaintiffs, the law affords a way to have it removed. Not having any title, however, they having conveyed all their interest to the corporation, as they themselves aver and show, it could not be said to be clouded, any more than it can be said with propriety that there is a cloud on the sky when there is no sky to be clouded.

Above all, it is clear that the plaintiffs were properly nonsuited, because they are not the proper persons to maintain this action against these defendants, or any of them. The Trustees or Directors of a defunct corporation continue to be the Trustees of the creditors and stockholders, which are the only parties in interest, and have full power to settle the affairs of the corporation, and divide the property among the stockholders. If there be no such Trustees extant, any creditor or stockholder can apply to the Court and have some appointed, which is what plaintiffs should have done, if they had any cause of action. Those Trustees so appointed should have commenced the action, or been made defendants, as the case should require. (1 Hittell's Digest, art. 761–764; p. 117, bottom paging.)

By the Court, McKinstry, J.:

Plaintiffs ask judgment that the City and County pay to them three-eighths of the moneys assessed as the value of certain *outside lands* taken for a public park. The case shows that plaintiffs had no claim delineated on the "Outside Land Map," and were therefore not within the category of those recognized by the ordinances and statutes relating to the lands in which they now assert a right. It further appears that the lands were delineated on the map at the request and in the name of a

corporation—the " Citizens' Homestead and Road Association "; that plaintiffs never paid the taxes and assessments on the lands, but that the same were paid by the Association, and that no copy of the complaint was filed with the Clerk of the Board of Supervisors, nor did plaintiffs otherwise attempt to intervene between the Board and the Homestead Association.   (Statutes 1867–68, secs. 4 and 8 ; Statutes 1869–70, sec. 3.)

Under these circumstances it is obvious that plaintiffs have no claim against the City and County.

Nor does the record show a case against the other defendants. Assuming (as is claimed by plaintiffs) that the corporation was *dissolved* by the expiration of the period of its existence as declared in the articles, the persons who were its directors at the time of the dissolution continued as trustees of the creditors and stockholders, with full power to settle the affairs of the corporation, to collect and pay the outstanding debts, and divide among the stockholders the moneys and other property remaining after the payment of the debts and necessary expenses.   (1 Hittell's General Laws, arts. 761–2.)   And if the places in the Board of Trustees became vacant, or plaintiffs were dissatisfied with the Trustees, (after the dissolution) they could have had Trustees appointed.   (Ibid., art. 763.)   After the dissolution such Trustees were necessary parties to any action affecting the rights or interests of the late corporation in property, real or personal.   If the deeds made by Rowell and Flanagan, " pretending to act as President and Secretary," were *void*, the *Trustees* could complain, because the lands attempted to be conveyed were still the lands of the corporation, or of themselves, by operation of law, successors to the legal title in trust for the stockholders.

The plaintiffs, as individuals, have no legal estate in the lands which they conveyed to the corporation.   If, as stockholders, they could have commenced proceedings by bill to have the deeds executed by Rowell and Flanagan set aside, and to have the property of the late corporation properly applied and distributed, the trustees, representing the stockholders in the late corporation, would have been necessary parties to such proceedings, without whom no final decree could have been entered.

They alone were empowered to settle the affairs of the corporation and make proper application of its assets. Certainly, plaintiffs, claiming to have some interest in the lands which had stood in the name of the corporation, would not be entitled to a decree requiring the apparent grantees of the corporation to convey the title to them, without any regard to the creditors of the corporation, or without the presence of those made by law responsible for the due administration of the effects of the corporation.

Judgment and order affirmed.