SMITH, *Assignee,* v. PUTNAM.

SAME v. EVERETT.

Directors and managers of an insolvent corporation hold the position of trustees of its assets for the equal benefit of all its creditors, and if they are themselves creditors they are precluded by their trust from securing, by their official action, any preference over other creditors.

Directors of corporations are presumed to perform the duties of their trust gratuitously, and must look either to a statute or to a contract for the right to receive compensation for their services.

Assumpsit, to recover $100 from each of the defendants, received by them for services as directors of the Lexington Mills, from June 24 to August 19, 1881. The two actions were heard together by the court.

At a meeting of the corporation, holden June 24, 1881, the defendants and one Marshall were chosen directors, and the latter was also chosen treasurer and general manager. The defendants were not stockholders, but attended the meeting and voted on proxies. At a directors' meeting on the same day Everett was chosen president, and the board voted to sell the machinery and wind up the affairs of the corporation. It was also voted that the machinery be sold for $20,000, and that the treasurer be authorized to convey the same accordingly, which he did on the succeeding day. At a directors' meeting, June 29, it was voted to sell the real estate for $18,000, and authority was given the treasurer to make conveyance thereof, which he did on July 1 following.

The by-laws of the corporation provide that the treasurer shall give such bond as the directors may require. The defendants knew of this by-law, but did not require Marshall to give a bond as treasurer because the directors of the preceding year had not required one of his predecessor; nor did they make any inquiries as to what Marshall was doing with the funds of the corporation obtained from the sales of its property. The evidence tended to show that Marshall wrongfully appropriated to himself and his associate stockholders some $32,000 of the proceeds of the sales, and that thereby the corporation was rendered insolvent.

The defendants supposed the corporation was solvent up to about August 18, 1881. When they ascertained the contrary, they called a directors' meeting, which was held on that day, and at which it was voted to make an assignment of the remaining property of the corporation to the plaintiff for the benefit of its creditors, according to Gen. Laws, c. 140, and that the treasurer be directed to execute the assignment on behalf of the corporation. This was done on the next day, and the plaintiff accepted the trust.

The defendants, on said August 18, each received of the treasurer $100 for their services as directors, knowing that the corporation was insolvent, and these suits are brought to recover the same as having been wrongfully paid and received. The sum paid was a reasonable compensation for their services, provided they were entitled to any compensation upon the facts which appear. They were guilty of neglect of official duty in not requiring a bond of the treasurer, but they had no fraudulent purpose in anything they did.

The question whether the plaintiff can recover was reserved.

*S. C. Eastman,* for the plaintiff. 1. The defendants, being directors of the Lexington Mills, as such, occupied a fiduciary posi-

tion to the stockholders, and also to the creditors of the corpora·tion. After they had discovered the insolvency of the corporation and voted to make an assignment of its property for the benefit of creditors, they could not prefer themselves to other creditors and pay themselves in full, leaving others to the chances of a final settlement. Having done this, they have money of the corporation which they ought to return. *Richards* v. *Insurance Co.*, 43 N. H. 263 ; *Bradley* v. *Farwell*, 1 Holmes 433, and cases cited ; *Cook* v. *Tome*, 13 Reporter 135. For the defendants to fix their own salary or compensation after the assignment was decided, was in itself an act of bad faith. There was no contract, tacit or express, to pay them anything. If there is any rule of law about it, it is that they are entitled to no compensation. *Pew* v. *Nat'l Bank*, 130 Mass. 391 ; *Dunstan* v. *Gas Light Co.*, 3 Barn. & Ad. 125 : *Hall* v. *Railroad Co.*, 28 Vt. 409 ; *Robinson* v. *Smith*, 3 Paige 222.

2. These defendants were guilty of a neglect of duty in allowing the treasurer to act without a bond. By this act the treasurer was enabled to appropriate to himself and his associates $32,150 of the funds of .the corporation. It was this act which rendered the corporation insolvent. If it had not been for this misappropriation of the property of the corporation, there would have been no need of an assignment. The corporate funds were lost by their gross negligence and inattention to the duties of their trust. They are therefore entitled to no compensation for their services. *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52.

*E. A. Hibbard* (*T. J. Whipple* with him), for the defendants. The treasurer had authority to pay debts of the corporation, whether due to directors or to other creditors. The payment in these cases was voluntary, and the money cannot be recalled, even if the corporation might have resisted the claims. The defendants were not stockholders. They had no interests to subserve by performing gratuitous services in managing the affairs of the corporation. There was an implied promise on the part of the corporation to pay them a reasonable sum for what they did, whatever the law may be where the directors are stockholders. It was no fault of the defendants that they were chosen directors. Being chosen, all they were bound to do was to act in good faith. They were under no obligation not to make any mistakes. They followed the precedent set by their predecessors in not requiring a bond from the treasurer. If in this they misjudged, they are not to be held answerable for it. The defendants did not wilfully abuse their trust. "They had no fraudulent purpose in anything they did."

BLODGETT, J. The law applicable to these cases is extremely clear. While directors of corporations are not trustees in a technical sense, there is yet no doubt that they occupy a fiduciary position towards stockholders and creditors of the corporation, and

that they come within the designation of persons filling a fiduciary relationship. In fact, they hold a position of the highest trust, and will therefore be required to execute it with the utmost fidelity. This being so, it is plain that the defendants could not use their official position to advance their individual interests. But this is precisely what they did, that is, with actual knowledge that the corporation was insolvent, and on the very day an assignment of its property was voted they received compensation in full for their past services as directors. This was a flagrant violation of their trust; for as soon as the corporation became insolvent, its property became a fund belonging equally in equity to all the creditors, and the fact of its insolvency being known to the defendants, they could not either morally or legally appropriate any part of the fund to the payment of their claims in full, and thus secure to themselves a preference or advantage over other creditors in manifest opposition to their duty. Their conduct in this respect was a fraud in law, if not in fact, from which they will not be permitted to profit. *Richards* v. *Ins. Co.*, 43 N. H. 263; *Bradley* v. *Farwell*, 1 Holmes 433, and cases cited; *Hopkins's Appeal*, 90 Pa. St. 69; *Road Company* v. *Branegan*, 40 Ind. 361; Green's Brice's *Ultra Vires* (2d ed.) 477, 479; Mor. Corp., ss. 243, 244; 2 Per. Trusts (3d ed.), s. 904; Pierce Rail. L. 38, and authorities cited.

But the defendants were not creditors of the corporation. It is not claimed that there was any express contract on its part to pay them anything for their services. and the law will imply none. The rule is, not only that directors are not entitled to compensation for their services in the absence of any agreement on the part of the corporation to pay for the same, but, on the contrary, such services are presumed to be rendered gratuitously, and they must consequently look either to a statute or to a contract for the right to receive compensation. *Railway Co.* v. *Miles*, 52 Ill. 174; *Railway Co.* v. *Sage*, 65 Ill. 328; *Holder* v. *Railway Co.*, 71 Ill. 106; *Gridley* v. *Railway Co.*, 71 Ill. 200; *Hall* v. *R. R. Co.*, 28 Vt. 401, 409; *Clark* v. *San Francisco*, 53 Cal. 306; *Kilpatrick* v. *Bridge Co.*, 49 Pa. St. 118; *R. R. Co.* v. *Ketchum*, 27 Conn. 170; *Road Company* v. *Branegan*, 40 Ind. 361; *Pew* v. *Gloucester Nat. Bank*, 130 Mass. 391; *Mining Asso.* v. *Meredith*, 49 Md. 389; *Dunstan* v. *Gas Light Co.*, 3 Barn. & Ad. 125; Pierce Rail. L. 31.

Nor is there any view of these cases, as they stand upon the facts, which does not entitle the plaintiff to a recovery.

*Judgment for the plaintiff.*

Smith, J., did not sit: the others concurred.