PATRICK FLYNN *vs.* THE COLUMBUS CLUB.

PROVIDENCE—FEBRUARY 14, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Right of Corporate Officers to Compensation for Services Rendered.*

The rule that officers of a corporation cannot maintain an action for services rendered, without express agreement or understanding for compensation, applies only to services which belong to the office. When services are rendered which are clearly outside of the scope of his duties

as such officer, and there is nothing to show that they were to be gratuitous, compensation may be recovered.

(2) *Effect of Laches in Presentation of Claim for Services.*

While a delay in the presentation of a claim for services by an officer of a corporation until five years after appointment to office, and after the division of the assets of the corporation among its members, might support an inference that the services were gratuitously rendered, the question is one of fact for a jury.

(3) *Sunday Contracts.*

Where a corporation at a meeting held on Sunday entered into a contract with one of its officers to act as collector of rents, the receipt of the rents during the term of five years by the corporation from the officer is a sufficient affirmation of the contract.
Affirming *Sayles* v. *Wellman,* 10 R. I. 465.

(4) *Evidence. Book Entries.*

In an action on a *quantum meruit* for services as collector of rents for the defendant, the account-book of the plaintiff, showing the collections made, is admissible.

ASSUMPSIT on the common counts. The facts are sufficiently stated in the opinion. Heard on petition of defendant for a new trial. New trial denied.

STINESS, J. The plaintiff, president of the defendant club, sues to recover compensation for services under a special vote, passed April 27, 1892, as follows: "We appoint one Patrick Flynn to let the building and collect the rents." There was no vote about compensation. The plaintiff performed this duty until July 28, 1897, when the building burned down. During the same period he acted as janitor of the hall, by authority of the club, under an arrangement by which he was to let and take care of it for $1.50 for each time the hall was let. He collected the hall rent and the monthly rent of the stores and rooms in the building, turning them over to the treasurer, but saying nothing about compensation at the time.

(1)    The defence rests chiefly upon the rule that officers of a corporation cannot maintain an action for services rendered, unless it is expressly agreed that such services are to be paid for, or unless it is shown that such was the understanding of both parties.

While this rule is well settled, it applies only to services which belong to the office. Angell & Ames on Corp. 10 ed. §§ 317, 318; 1 Beach on Priv. Corp. §§ 200, 208; 17 Am. & Eng. Ency. Law, 1 ed. pp. 166, 167, note 2.

When services are rendered by an officer which are clearly outside of the scope of his duties as such officer, and there is nothing to show that they were to be gratuitous, he may recover compensation for them. *Santa Clara* v. *Meredith*, 49 Md. 389; *Citizen's Bank* v. *Elliott*, 55 Iowa, 104; 17 Am. & Eng. Ency. Law, 1 ed. 121, note 5; also p. 166, note 2, *President*. This qualification is recognized in cases cited by the defendant. *N. Y. R. R.* v. *Ketchum*, 27 Conn. 170; *Gridley* v. *Lafayette Co.*, 71 Ill. 200; *Holden* v. *Lafayette Co.*, 71 Ill. 106.

It is not clear in the testimony that the plaintiff was president when he was appointed collector of rents; but however this may be, as his services as collector do not appear to have been within his duties as president, he is entitled to recover for them.

(2)  For his services as janitor there is no question that he was to be paid, but the defence both to this claim and to the claim for services as collector is that he presented no bill until after the building had burned, five years and more after his appointment, and after the division of the insurance money among the members of the club. There is some contradiction as to this, but, while the delay might support an inference that his services were gratuitous, it was a question of fact, which has been decided by the jury upon evidence sufficient to sustain the verdict.

(3)  Another ground of defence is that the meeting, at which the plaintiff was appointed collector, was held on Sunday, and hence, the contract being illegal, he could not recover. In *Sayles* v. *Wellman*, 10 R. I. 465, it was held that although a contract was made on Sunday, if it was subsequently affirmed on a week day the plaintiff could recover. In that case, a sale of horses, the retention of the property was held to be a sufficient consideration for the affirmance of the contract. Applying that doctrine to this case, the receipt of rents

collected during the five years would be sufficient affirmation of the contract to sustain the plaintiff's action.

(4)    The admission of the plaintiff's book, showing the collections made, was proper, and the exception on this point is overruled.

Petition for new trial denied, and case remitted for judgment.

*James C. Collins, Jr.*, for plaintiff.
*John W. Hogan*, for defendant.