374 A.2d 102 (1977)
Vito GESUALDI
v.
BOARD OF REVIEW OF the DEPARTMENT OF EMPLOYMENT SECURITY et al.
No. 76-268-M.P.
Supreme Court of Rhode Island.
June 15, 1977.
*103 Francis A. Manzi, Providence, for plaintiff-respondent.
Irving J. Bilgor, Legal Counsel, Board of Review, John A. Notte III, Legal Counsel, Dept. of Employment Security, Providence, for defendants-petitioners.

OPINION
DORIS, Justice.
This is a petition for certiorari brought by the Board of Review of the Department of Employment Security (the board) and the Director of the Department of Employment Security (the director) seeking review of a Superior Court judgment which reversed the board's decision and ruled that the claimant was not disqualified from receiving unemployment benefits.
The record discloses that the claimant, Vito Gesualdi, had been regularly employed as an interstate truck driver by Rubin, Inc., since 1953. He was laid off for lack of work on January 21, 1972, and rehired on June 12, 1972. He filed for unemployment benefits on January 26, 1972, and collected them from January 21, 1972 through April 21, 1972. At that time, the director, having investigated Gesualdi's claim, declared him ineligible to receive benefits on the ground that "claimant is self-employed and operating a business."
The business to which the director referred was Vito's Lakeside Lounge (Vito's) in Johnston, Rhode Island. The claimant had been the owner of Vito's while he was employed by Rubin's, and continued to own it after he was laid off by Rubin's. Vito's had been almost totally destroyed by fire in 1967, and until January 1972, when the lounge was fully reopened, claimant operated only one room in order to maintain his liquor license. He testified that his functions at Vito's were limited to supervising the operation, ordering the liquor, and "fill[ing] in here and there", and that he employed a full-time bartender as well as receiving some additional help contributed by his wife and brother.
He also stated that at no time did his ownership and management of Vito's ever interfere with his employment as a truck driver and that he had never taken any time off from Rubin's to oversee his business. In addition, he claimed that he received no money in the form of wages for his work at Vito's, although his 1971 tax return showed that Vito's made a net profit of $1,460.70 which he claimed was "put back into the business."
After the director declared him ineligible to receive unemployment benefits because of his "operating a business", claimant appealed the ruling to the board. The board affirmed the director's decision denying him benefits and he further appealed to the Superior Court, where his appeal was sustained and the board's decision overruled. The board and the director then brought this petition for certiorari seeking review of the Superior Court judgment. We granted the petition and ordered that the papers be certified to this court.
The two issues involved in deciding whether claimant was eligible for unemployment benefits in this case are whether he was available for work in accordance with G.L.1956 (1968 Reenactment) § 28-44-12, as amended by P.L.1973, ch. 180 § 1, and whether he was totally unemployed within the meaning of § 28-42-3(15). Since we find that the trial justice was correct in his decision that claimant was eligible for total unemployment benefits, we need not address the question of whether partial unemployment benefits would have been an appropriate remedy.
*104 As to the question of whether claimant was available for work, the board argues that the voluntary nature of his "self-employment" constituted a restriction on his availability. It further argues that, in addition to restricted availability, claimant was never shown to have made an active and continuous search for work as required by § 28-44-12 as amended, and was therefore ineligible for benefits. These arguments by the board are clearly incorrect.
The requirement that an individual make an "active, independent search for suitable work" was not included in § 28-44-12 until it was amended. This took place well after the period of time during which claimant was unemployed and cannot conceivably be considered as a requirement which he had to meet.
Insofar as restricted availability is concerned, there is nothing in the record which would support such an argument. The claimant's uncontradicted testimony was that his business never interfered with his work as a truck driver, that he was always willing to report for suitable work when called (and did so on June 12, 1972), and that he complied with all the registration and filing requirements of § 28-44-12 as it was written in 1972. The statute requires no more.
"[I]n order for an unemployed individual to be `eligible for benefits in any week of his partial or total unemployment' he must register as able and willing to work and be ready to accept any suitable work whenever offered to him without attaching thereto any restrictions or conditions other than those specifically provided for in the statute." Chaharyn v. Department of Employ. Sec., 85 R.I. 75, 80-81, 125 A.2d 241, 244 (1956).
Thus we find that the trial justice was correct in his conclusion that claimant was at all times ready, willing and able to work and therefore met the eligibility requirements of § 28-44-12.
We next consider the requirement of total unemployment under § 28-42-3(15). It defines "total unemployment" as follows:
"An individual shall be deemed totally unemployed in any week in which he performs no services * * * and for which he earns no wages * * * and in which he cannot reasonably return to any self-employment in which he has customarily been engaged."
Section 28-42-3(13) defines "wages" and "services" as follows:
"[T]he term `wages' shall include only that part of remuneration for any work, which is in excess of five dollars ($5.00) in any one (1) week, and the term `services' shall include only that part of any work for which remuneration in excess of five dollars ($5.00) in any one (1) week is payable * * *."
However, nowhere in the statute do we find a definition of self-employment. The board argues that since claimant performed services for Vito's for which remuneration was paid in the form of net profit, claimant was self-employed and therefore ineligible for benefits. Apparently the trial justice did not address this issue, possibly because it is not clear from the board's decision that it had relied on it.
The context in which the term self-employment is used suggests that a person is ineligible to be considered as totally unemployed if that person engages in some alternate activity, not in the employ of another, by which that person could earn a living. The board apparently found that claimant, having made a profit from his business of $1,460.70 in 1971, was automatically disqualified from total unemployment benefits since he continued in this business during the period in 1972 when he was laid off by Rubin's. The cases in this area are split, some saying self-employment automatically bars unemployment benefits and others saying it does not. See, e. g., Bolles v. Employment Sec. Comm'n, 361 Mich. 378, 105 N.W.2d 192 (1960); Hatch v. Employment Sec. Agency, 79 Idaho 246, 313 P.2d 1067, 65 A.L.R.2d 1174 (1957).
According to § 28-42-73, we must, in reviewing terms of the Employment Security Act, construe liberally in aid of the declared purposes of lightening the burden *105 which falls on the unemployed worker and his family. However, this does not mean that the Act is a blanket insurer for those who have other employment which can carry them through periods when they are laid off from so-called primary jobs. The board maintains that in this case, claimant should not be the beneficiary of a favorable statutory construction since he had alternative employment (i.e. self-employment) which provided him with remuneration in the form of profit.
The only evidence which would substantiate the board's view, is that the claimant earned a profit from his business in 1971, the year prior to his being laid off. There is no evidence on the record from which the board could have concluded that the claimant would also have made a profit in 1972.[1] Therefore, even if we were to agree with the board's conception of self-employment and its conclusion that self-employment disqualifies an individual from receiving total unemployment benefits, there is no evidence to show that the claimant received either wages or profits during the period in question. We thus cannot agree with the board's conclusion that the claimant was disqualified from unemployment benefits because of profit earned, since such a conclusion must be supported by substantial evidence. See Cahoone v. Board of Review of Dept. of Employ. Sec., 104 R.I. 503, 246 A.2d 213 (1968). The trial justice was therefore correct in reversing the board's decision.
The petition for certiorari is denied, the writ heretofore issued is quashed, and the papers are ordered returned to the Superior Court with our decision endorsed thereon.
NOTES
[1] There is evidence of gross receipts in the early months of 1972, but there is little or no information as to the expenses. It would be mere speculation to conclude from this data that profits were earned in early 1972, particularly in light of the fact that the business had just reopened on a full-time basis in January 1972.