390 A.2d 370.

JOHN RECTOR *v.* DIRECTOR OF DEPARTMENT OF EMPLOYMENT SECURITY *et al.*

AUGUST 21, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.   On February 24, 1977 this court issued a writ of certiorari to review a judgment of the Superior Court[1] which held that the plaintiff was entitled to unemployment compensation during the period in question and that, under G.L. 1956 (1968 Reenactment) §28-44-39, the defendant had forfeited her right to reimbursement even if the plaintiff had unlawfully received benefits.

The plaintiff was employed as a steward at Brown University Faculty and Graduate Student Club until June 21, 1974, when he was laid off due to lack of work. The plaintiff applied for and received unemployment compensation at the rate of $82 per week from July 6, 1974 through July 12, 1975, a total of $4,428.

In May 1974, while employed at Brown, plaintiff joined with two other investors to form Lovell & Rector, Ltd., which owned and operated Leo's Tap. The plaintiff owned

---

[1]General Laws 1956 (1968 Reenactment) §28-44-52 has been amended since the institution of the instant proceeding to provide for review in the Sixth Division of the District Court rather than in the Superior Court. P.L. 1976, ch. 140, §11.

50 percent of the stock issued by the corporation. In September 1974, following extensive renovation, the business opened. Leo's Tap employed a manager, several bartenders, waitresses, and a cook.

On July 9, 1975 a field examiner, responding to a request for investigation made by the Benefits Division of the Department of Employment Security, visited Leo's Tap and found plaintiff there. The examiner visited plaintiff at Leo's again on July 10, 1975, by appointment, at which time he inspected the corporate records. As a result of these two visits and his review of the books, which showed that plaintiff had signed approximately 99 percent of the corporation checks, the field examiner reported that plaintiff was "consistently at the business, supervising employees and paying corporate liabilities."

On the basis of this report, an adjudicator employed by the department determined that plaintiff was disqualified from receiving benefits. A hearing on the disqualification was held before a referee on September 10, 1975. The plaintiff asserted at that hearing that he was not employed by the corporation and had received no compensation from that or any other business during the period in which he claimed unemployment benefits. He stated that he had signed checks solely in his capacity as an officer of the corporation. The plaintiff also stated that the corporation employed a manager who had the power to hire and fire, and who supervised personnel on behalf of the corporation. The plaintiff testified that he had actively sought work during the period in which he had received benefits and named several businesses to which he had applied for a position. He did state that he was presently employed by Lovell & Rector, Ltd. However, this employment commenced 3 months after his unemployment benefits terminated. The referee ruled that because plaintiff was instrumental in starting the corporation and because he performed services for that corporation, he was not totally unemployed during the period in which he had received

benefits. The referee also found that pursuant to §28-42-68,[2] plaintiff was liable for repayment of the benefits he had unlawfully received.

The board of review affirmed this decision. The plaintiff appealed to the Superior Court. The trial justice concluded that, although plaintiff had an interest in the business and had performed some work in his capacity as an officer of the corporation, there was no evidence that he had received compensation from the corporation during the period in which he had claimed benefits. The trial justice further found no evidence in the record that plaintiff was not available for work. He therefore ruled that plaintiff was entitled to the benefits received. The trial justice also found that the 1-year period set out in §28-44-39(B) was binding upon the director and barred any action for recovery of benefits unlawfully paid after that time.

The director seeks reversal of that decision. She contends that plaintiff was not totally unemployed and available for work during the period in question and that, therefore, under the provisions of §28-42-68 he is liable for repayment of benefits received.

To establish entitlement to unemployment compensation, a claimant must show that he has met the earning requirements set out in §28-44-11, and that he is totally unemployed, available and actively searching for work. Sections

---

[2]General Laws 1956 (1968 Reenactment) §28-42-68. "Recovery of erroneously paid benefits. — Any individual who, by reason of a mistake or misrepresentation made by himself or another, has received any sum as benefits under chapters 42 to 44, inclusive, of this title, in any week in which any condition for the receipt of such benefits imposed by said chapters was not fulfilled by him, or with respect to any week in which he was disqualified from receiving such benefits, shall in the discretion of the director be liable to have such sum deducted from any future benefits payable to him under such chapters, or shall be liable to repay to the director for the employment security fund a sum equal to the amount so received, and such sum shall be collectible in the manner provided in §28-43-18 for the collection of past due contributions."

28-42-3(15); 28-44-12; *see Gesualdi* v. *Board of Review,* 118 R.I. 399, 374 A.2d 102 (1977); *Chaharyn* v. *Department of Employment Security,* 85 R.I. 75, 125 A.2d 241 (1956). It is undisputed that plaintiff has met the earning requirements.

Total unemployment is defined by statute. One is totally unemployed during each week in which he performs no services in which compensation in excess of $5.00 is payable. Sections 28-42-3(13),-(15).[3] The employment relationship is also defined by statute. It exists only where services are performed for wages or under a contract of hire, written or oral, express or implied. Section 28-42-3(7).

There was uncontradicted testimony presented at the hearing before the referee that plaintiff received no compensation for writing corporate checks for the business. This was his duty as an officer. Additionally, there was no evidence of an express or an implied contract under which plaintiff could expect payment. It is well settled in this state that services rendered by an officer of a corporation acting within the scope of his office are not compensable in the absence of an agreement providing otherwise. *Flynn* v. *Columbus Club,* 21 R.I. 534, 45 A. 551 (1900). Therefore, we conlcude that

---

[3]General Laws 1956 (1968 Reenactment) §28-42-3(15) provides:

" 'Total unemployment.' An individual shall be deemed totally unemployed in any week in which he performs no services (as used in subsection (13) of this section) and for which he earns no wages, (as used in subsection (13) of this section), and in which he cannot reasonably return to any self-employment in which he has customarily been engaged."

Section 28-42-3(13) in pertinent part defines "wages" and "services" as follows:

For the purposes of this subsection (13) and subsection (15), the term 'wages' shall include only that part of remuneration for any work, which is in excess of five dollars ($5.00) in any one (1) week, and the term 'services' shall include only that part of any work for which remuneration in excess of five dollars ($5.00) in any one (1) week is payable; provided, however, that nothing contained herein shall permit any individual to whom remuneration is payable for any work performed in any week in an amount equal to or greater than his weekly benefit rate to receive benefits under this subsection (13) for such week."

plaintiff was not an employee of Lovell & Rector, Ltd. for purposes of the Employment Security Act.

The defendant director alternatively argues that because plaintiff owned a 50 percent interest in the corporation he was self-employed and therefore per se ineligible for benefits. Self-employment describes that work situation in which one carries on a trade or business as an individual or as a member of a partnership. A corporation, however, is a legal being separate and apart from its stockholders and officers. Therefore, the concept of self-employment is inappropriately raised in the case at bar. *See* G.L. 1956 (1969 Reenactment) §7-1.1-4; *Olney* v. *Conanicut Land Co.*, 16 R.I. 597, 18 A. 181 (1889).[4] For the foregoing reasons, we conclude that plaintiff was totally unemployed within the meaning of §28-42-3(15).

In addition to meeting the requirement of total unemployment, a successful claimant must register for work, report for work when called, be available and actively search for suitable employment. Section 28-44-12. The plaintiff in this case was registered for work. There was no evidence that he was called or failed to respond when called for work by the Department of Employment Security. While the field investigator's report did indicate that plaintiff was at the business on two occasions, we note that one visitation was by appointment. We also note that there was testimony that plaintiff spent only 2 hours per week paying corporate liabilities and that he conducted an independent search for employment. Thus, there is insufficient evidence on the record to support the conclusion that plaintiff was consistently at the business

---

[4]Even if we were to find that plaintiff was self-employed, under the rule established in *Gesualdi* v. *Board of Review*, 118 R.I. 399, 374 A.2d 102 (1977), where that self-employment is a secondary and not a primary employment, there must be evidence of a profit before a claimant can be disqualified from receiving benefits where he meets all other eligibility requirements. *Id.* at 374 A.2d at 105. In the case at bar it was uncontradicted that Lovell & Rector, Ltd., suffered a net loss of $2,000 during the year in question.

during those hours in which he claimed to be available for work.

For the foregoing reasons we conclude that plaintiff was totally unemployed and available for work and, therefore, entitled to unemployment benefits. The trial justice was correct in reversing the board of review's decision.

Because we find that the plaintiff was entitled to unemployment compensation, we do not address the director's second claim of error that, under §28-42-68, the plaintiff is liable for repayment of benefits unlawfully received.

The petition for ceritorari is denied, the writ heretofore issued is quashed, and the papers are ordered returned to the Superior Court with our decision endorsed thereon.

*Zietz, Sonkin & Radin, Louis Baruch Rubinstein, Richard S. Mittleman,* for plaintiff.

*Charles H. McLaughlin* (for Department of Employment Security), *Joseph R. DeCiantis* (for Board of Review), defendants.