390 A.2d 374.

GEORGE DUMONT *v.* MARY C. HACKETT, *Director,*
*Department of Employment Security et al.*

AUGUST 22, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, and Doris, JJ.

KELLEHER, J. This is a statutory petition for certiorari brought by the Director of the Department of Employment Security (the director) and the Board of Review of the Department of Employment Security (the board), seeking review of a decision of the Superior Court which reversed the board's denial of unemployment benefits for the claimant, George Dumont. Throughout the course of this decision, we will refer to the claimant by his first name.

The facts in this case are undisputed and show that George is a Massachusetts resident employed as a carpenter by a Rhode Island corporation called Master Builders, Inc. George also happens to be the corporation's principal stockholder and president. In early September 1975, he filed an application for unemployment compensation with the Department of Employment Security (DES) alleging that he had not worked for 6 days. His application for benefits was not granted on the ground that he failed to satisfy the availability-for-work requirement set forth in G.L. 1956 (1968 Reenactment) §28-44-12.[1] Consequently, he sought an administrative appeal.

---

[1] General Laws 1956 (1968 Reenactment) §28-44-12 provides in pertinent part:

"Availability and registration for work. — An individual shall not be eligible for benefits for any week of his partial or total unemployment unless during such week he is physically able to work and available for work. To prove such availability for work, every individual partially or totally unemployed shall register for work and shall file claim for benefits at the employment office. * * *."

A hearing was held before a referee of the DES Board of Review in December 1975. George testified that he had been employed by Master Builders, Inc., for 2 years, but work had slowed to a standstill by September 1975. He also explained that after filing his claim for benefits, he commenced an active search for work for his corporation and for himself. His attempt to get work for either the company or himself took the form of estimating jobs, knocking on doors, and passing out business cards. Unfortunately, although the prospects looked promising, George's efforts went for naught. At the time of the hearing, George had no source of income as he received no pay from the company for his efforts in soliciting business.

The referee disagreed with the earlier administrative ruling that George was unavailable for work under §28-44-12. Nevertheless, he denied George's claim on the basis of §28-42-3(15). This section reads as follows:

> " 'Total unemployment.' An individual shall be deemed totally unemployed in any week in which he performs no services ＊ ＊ ＊ and for which he earns no wages ＊ ＊ ＊ and in which he cannot reasonably return to any self-employment in which he has customarily been engaged."

The referee was of the opinion that since George was performing services for Master Builders, Inc., by seeking work on its behalf through personal solicitation and advertisements, he was not unemployed within the meaning of §28-42-3(15). George appealed the referee's determination to the board.

The board affirmed the referee's findings, and in due course George filed a complaint in the Superior Court[2] alleging that the DES decision violated §28-42-3(15) as it was contrary to the intended purpose of the Employment Secur-

---

[2]By P.L. 1976, ch. 140, §11, §28-44-52 was amended so that appeals from the board of review are now to made to the Sixth District Court.

ity Act.[3] The trial justice reached his decision in October 1976 and reversed the denial of unemployment benefits for George. In the view of the trial justice, the departmental construction of "total unemployment" failed to effectuate the liberal legislative intendment underlying the Act. The trial justice observed that §28-42-3(15) was designed to prevent an employee from collecting benefits while performing some type of compensable service for which he receives remuneration; however, in George's case he was merely seeking work for his corporation, which was not essentially different from his efforts to find work for himself and for which he received no compensation. The board and the director quite understandably think otherwise, and we have issued certiorari so that they may have the opportunity to show us the error of the trial justice's ways.[4]

The director and the board contend that George was not entitled to unemployment benefits because he was both unavailable for work under §28-44-12 and not totally unemployed within the meaning of §28-42-3(15). These are two conditions precedent to the collection of benefits under the Employment Security Act.

With regard to the unavailability requirement, the referee found, and the board concurred, that George was available for employment and, therefore, §28-44-12 could not be relied upon to deny him his benefits. Before the Superior Court, availability was never raised as a ground for declining to

---

[3]The final decision of the board was mailed to George on January 28, 1976. George did not file his complaint in the Superior Court until March 5, some 37 days after the mailing. Under G.L. 1956 (1977 Reenactment) §42-35-15(b) appeals from final administrative decisions are to be made within 30 days after such decisions are mailed. However, this procedural irregularity was not raised by the director or the board before either the Superior Court or this court.

[4]Following the hearing before us on briefs and oral arguments, it came to our attention that no final judgment had been entered in the case. The entry of a final judgment is a jurisdictional prerequisite to a party's seeking our review under §42-35-16. On our own motion we remanded the case to the Superior Court for entry of a nunc pro tunc judgment.

compensate George. Instead, the sole issue presented in the lower tribunal was whether George was totally unemployed under §28-42-3(15). However, somewhere between the Superior Court and this court, the director and the board have decided that perhaps they acted a bit too hastily in ruling out the question of availability and now seek to reintroduce this matter for our consideration.

In effect, the director and the board are requesting this court to review one of the board's own findings as to the applicability of a particular statute. Heretofore in the annals of Rhode Island jurisprudence we have not been called upon by an agency to overturn one of its own rulings which it has consistently adhered to throughout the proceedings. The attempt to resurrect this ground is unquestionably entitled to no consideration.

The sole remaining issue is, therefore, whether George was totally unemployed within the meaning of §28-42-3(15). We believe that the question must be answered in the affirmative.

The statute defines a totally unemployed person as one who in any week "performs no services * * * and for which he earns no wages * * * and in which he cannot reasonably return to any self-employment * * *." The director and the board maintain that George was disqualified from receiving benefits because he performed "services" for the corporation and, alternatively, because he was self-employed.

The term "services" is defined in §28-42-3(13) to include "only that part of any work for which remuneration in excess of five dollars ($5.00) in any one (1) week is payable * * *." According to this definition, George cannot be said to have performed "services" for the company. The undisputed testimony at the administrative hearing showed that the corporation could not and did not pay George for his efforts in soliciting business. Therefore, the uncompensated work George did for the corporation in his fruitless efforts to get it customers was not "services" within the meaning of §28-42-3(15).

Also, since George received no wages or profits from the corporation, even if we assume that he was self-employed,[5] he would still qualify for unemployment benefits. Subsequent to the submission of briefs by the litigants, our opinion in *Gesualdi* v. *Board of Review*, 118 R.I. 399, 374 A.2d 102 (1977), was published. *Gesualdi* presented a factual pattern which was substantially similar to the present record, and it also concerned §28-42-3(15). A brief review of *Gesualdi* is instructive.

Gesualdi had been regularly employed as a truck driver prior to being laid off from January to June 1972. His claim for unemployment benefits for the period was denied by the director on the ground that "claimant is self-employed and operating a business." It appears that, in addition to driving trucks, Gesualdi was also the owner of Vito's Lakeside Lounge and in that capacity performed a number of duties, including supervision, ordering the liquor, and "fill[ing] in here and there." At no time, however, did the claimant receive any compensation in the form of wages for his work at the lounge. Although the claimant's 1971 tax return showed that Vito's made a net profit, Gesualdi maintained that all the profits were put back into the business and that he received no income for the period he was laid off.

We upheld the Superior Court's decision that Gesualdi was totally unemployed. In the course of the opinion we noted that nowhere in the statute was "self-employment" defined. However, from the context in which the term appeared, we believed that the Legislature intended by it to make a person ineligible for benefits if that person "engages in some alternate activity, not in the employ of another, by which

---

[5]George was employed by Master Builders, Inc., a small, closely held concern whose stockholders and officers were apparently the only employees of the company. One could, therefore, say that for all practical purposes he worked for himself. Nevertheless, we have held that an individual in George's position is employed by the corporation. *See Rector* v. *Director of Department of Employment Security*, 120 R.I. 802, 390 A.2d 370.

that person could earn a living." 118 R.I. at 403, 374 A.2d at 104. On the facts of the case, we found nothing in the record to indicate that the worker's entreprenurial pursuits in the tavern business led to the earning of profits or wages for the period in question. Without earning some form of income through wages or profits, a person, even if self-employed, still qualifies as totally unemployed under §28-42-3(15).

Clearly, the similarity of positions of Gesualdi and George call for the identical result. The record is devoid of evidence suggesting that George received wages or profits after he filed for benefits. He was, therefore, entitled to receive unemployment compensation under the Act.

The petition for certiorari is denied and dismissed, the writ previously issued is quashed, and the record is ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Justice Weisberger did not participate.

*James Cardono*, for plaintiff-respondent.

*Joseph R. DeCiantis*, Legal Counsel, Board of Review, for defendant-petitioner.