DECISION
Pride Hyundai, Inc. (Pride) appeals from a final order of the Director of the Department of Administration (Director) confirming an adverse decision of the Motor Vehicle Dealers License and Hearing Board (Board). As this Court may lack subject matter jurisdiction over this appeal, the Court remands this case to the Director for further proceedings to determine the mailing date of his final order — the date which determines the jurisdictional appeal period.
Preliminarily, the Court observes that "[s]ubject matter jurisdiction is an indispensable ingredient of any judicial proceeding, and the absence thereof can be raised . . . by the court sua sponte at any time and can be neither waived nor conferred by consent of the parties," Warwick School Committee v.Warwick Teachers' Union, 613 A.2d 1273, 1276 (R.I. 1992). Thus, the parties' failure to question this Court's subject matter jurisdiction is of no consequence[1] of ultimate consequence, conversely, is the fact that the Superior Court has no subject matter jurisdiction over untimely filed administrative appeals.See G.L. 1956 § 8-2-17 ("[t]he superior court shall have jurisdiction of such appeals and statutory proceedings as may be provided by law"); G.L. 1956 § 42-35-15 (a) (b) (aggrieved persons are entitled to judicial review instituted "within thirty (30) days after mailing notice of the final decision of the agency"); see also Carbone v. Planning Board of Appeal,702 A.2d 386, 388 (R.I. 1997) ("`the filing of a notice of appeal [that is, a complaint] with the clerk of the Superior Court . . . is an essential condition precedent to the invoking of the jurisdiction of the Superior Court to review a decision of a zoning board'");Bayview Towing, Inc. v. Stevenson, 676 A.2d 325, 328 (R.I. 1996) (considering premature filing of appeal from administrative agency and holding that the Superior Court "lacked subject matter jurisdiction to review a final agency decision that never existed"); Great American Nursing Centers, Inc. v. Norberg,439 A.2d 249, 253 (R.I. 1981) ("failure . . . to comply with the Administrative Procedures Act provision requiring appeals to be brought within thirty days . . . precluded relief.") But seeDumont v. Hackett, 120 R.I. 818, 821 n.3, 390 A.2d 374 (1978) (characterizing filing of complaint thirty-seven days after mailing of final decision as merely a "procedural irregularity").
With respect to the instant matter, the Court notes that while the director's final order is dated May 22, 1997, Pride did not file its complaint with the Superior Court appealing that order until July 17, 1997, fifty-six days later. However, the Administrative Procedures Act, chapter 35 of title 42 (A.P.A.), requires that persons aggrieved by a final order in a contested case file a complaint in the Superior Court "within thirty (30) days after mailing notice of the final decision of the agency," (G.L. 1956 § 42-35-15 (a) (b). Accordingly, the mailing date of the Director's final decision will dictate whether this Court possesses subject matter jurisdiction. On remand, the Director must determine the date that notice of his final decision was mailed to Pride. If that mailing date were on or before June 16, 1997, then this Court is without subject matter jurisdiction. If, on the other hand, the mailing date was on or after June 17, 1997 (and before July 17, 1997, see BayviewTowing, Inc. v. Stevenson, 676 A.2d 325, 328 (R.I. 1996)), then this Court has subject matter jurisdiction.
Because Pride asserted that the Superior Court had subject matter jurisdiction based on §§ 31-5-2.1 (d) and 31-5-16 of the Motor Vehicle Code Act and § 42-35-15 of the A.P.A., the Court will briefly address those sections. The Motor Vehicle Code Act provides that persons dissatisfied with a final order of the director have "twenty (20) days after the entry of that order" to file a complaint in the Superior Court. G.L. 1956 § 31-5-16;see also G.L. 1956 § 31-5-2.1 (d) ("[t]he director's decision shall be appealable to the Rhode Island Superior Court"). Moreover, the A.P.A. provides that "[a]ppeals from decisions by administrative agencies of the state or officers thereof shall be taken to the superior court . . . as provided by the General Laws in respect to each agency, provided, however, [that] the time limits for the taking of steps necessary to perfect the appeal to the superior court . . . shall be governed by the provisions of § 42-35-15, any provisions in the General Laws to the contrary notwithstanding," G.L. 1956 § 42-35-15.1. Because the time limit provided by the A.P.A. is thirty days, G.L. 1956 § 42-35-15 (b), Pride had thirty days to appeal the director's final order notwithstanding the twenty days otherwise provided by § 31-5-16.
The A.P.A. also provides that "[t]his chapter shall take effect upon January 1, 1964, and thereupon all acts and parts of acts inconsistent herewith shall stand repealed," G.L. 1956 §42-35-18 (a). Accordingly, the Court determines that the "after the date of entry" language of § 31-5-16 is inconsistent with the "after mailing notice" language of § 42-35-15 (a) and that the former stands repealed. Even if it were not, logic dictates that, as used in section 31-5-16, the "date of entry" must precede the date of mailing required by section 42-35-15
(a). See generally Bayview Towing, Inc. v. Stevenson,676 A.2d 325, 328 (R.I. 1996) (agency decision not entered where it is not finally decided). And while the parties agree that the director's final decision "issued" on May 22, 1997, at best that establishes only the date of entry — leaving the critical date of mailing unknown.
This case is remanded to the Director for further proceedings in accordance with this decision. Furthermore, the Director is ordered to make his determination within twenty days after this decision is filed and to file with this Court his determination promptly thereafter. This Court will retain jurisdiction to consider subject matter jurisdiction.
Counsel shall submit the appropriate order for entry.
[1] The board's "memorandum of law" consists of double-spaced copy of the director's decision with a Superior Court caption attached to it.