No. 43,104

L. Fisk Watkins, Sr., *Appellant*, v. The Board of Review of the Employment Security Division of the Labor Department of the State of Kansas; M. R. Lee; L. M. Weltmer; and R. F. Olberding, as members of said Board, and Beech Aircraft, a Corporation, *Appellees.*

(380 P. 2d 329)

Opinion filed April 6, 1963.

*Walter F. McGinnis*, of El Dorado, argued the cause, and *Allyn M. Mc-Ginnis*, of El Dorado, was with him on the briefs for the appellant.

*Lynn D. Smith*, of Topeka, argued the cause, and *F. Duane Roberts*, of Topeka, and *Joseph S. Payne*, of Kansas City, were with him on the briefs for the appellee board of review of the employment security division.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the judgment of the trial court denying benefits to plaintiff for the period from October 30, 1960, to February 4, 1961, under the employment security law. (G. S. 1949, 44-701, *et seq.;* as amended in G. S. 1961 Supp., and particularly 44-709 [h].)

The first matter to be considered relates to plaintiff's right to proceed by reason of his failure to exhaust his remedies before the board of review of the employment security division of the state labor department. However, we are of the opinion that question is not controlling in the present appeal and we shall, therefore, pass on to the merits of other questions raised.

Plaintiff, who had farmed for a number of years, was employed by the Beech Aircraft Corporation in Wichita for approximately nineteen months during 1959 and 1960 but on August 26, 1960, his employment was terminated. He thereafter registered for unemployment compensation and reported as required by the employment security law. He was unsuccessful in his applications for similar employment at aircraft factories in Wichita. He did not restrict his availability for work to any particular hours or location. After he had disposed of approximately 165 head of beef cattle, which he had pastured on approximately 960 acres of land he owned, he appeared before the examiner on or about November 14, 1960, claiming unemployment benefits.

On November 30, 1960, defendant's examiner held plaintiff was ineligible for benefits; that although plaintiff had disposed of his cattle he had indicated he expected to replace them in the spring. The examiner concluded that even though plaintiff would accept employment, he was self-employed and not unemployed. Plaintiff thereafter appealed to defendant's referee and on February 7, 1961, the examiner's determination was affirmed by the referee. On November 7, 1961, the employment security board of review upheld the opinion of the referee that plaintiff was not unemployed for the period claimed. On November 9, 1961, plaintiff timely filed a petition for judicial review in the district court. On March 2, 1962, the trial court entered it journal entry of judgment as follows:

"1. That the question before the defendant Board of Review was whether or not claimant (plaintiff herein) was unemployed or self-employed.

. . . . . . . . . . . . .

"3. That the findings of the Board of Review if supported by any evidence, are conclusive on the Court; that the Court must accept the factual questions as found by the Board of Review and cannot look behind the Board's decision as to the facts, the credibility of witnesses, or the weight of the evidence; the court cannot substitute its judgment for the Board's upon those factors.

"4. That there is evidence to support the findings of the Board of Review.

"IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the decision of the Board of Review of the Employment Security Division of the Labor Department of the State of Kansas be, and the same hereby, is affirmed."

Plaintiff's motion for new trial was in due time overruled and this appeal followed.

Counsel for plaintiff frankly admits the employment security agencies of the various states have not solved this problem uni-

formly and submits authorities from other jurisdictions touching upon similar situations. However, we are not inclined to ignore our own general rules of law applicable herein which were so ably pronounced in *Clark v. Board of Review Employment Security Division,* 187 Kan. 695, 359 P. 2d 856, where a retired employee sixty-five years of age, who was drawing social security benefits, made claim for unemployment compensation but was held to be ineligible for benefits by both the examiner and the referee, which decision was affirmed by the board of review. In a subsequent appeal to the district court, that court made findings and entered judgment in favor of claimant for part of the time claimed from August 9, 1959, through October 10, 1959. In reversing the judgment of the trial court, this court held:

"G. S. 1959 Supp. 44-709 (*h*), dealing with a court review of a decision of the Employment Security Board of Review, provides that in any judicial proceeding thereunder findings of the board as to the facts, if supported by evidence and absent fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." (Syl. ¶ 3.)

We think the evidence herein is ample to prove that plaintiff was conducting and was primarily interested in his farming operations, and we are therefore unable to say there is no substantial competent evidence to support the findings and decision of the review board and the trial court that plaintiff was self-employed and not unemployed.

Judgment affirmed.