391 So.2d 386 (1980)
Donald W. HARTENSTEIN, Appellant,
v.
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 80-53.
District Court of Appeal of Florida, Second District.
December 24, 1980.
Alvaro Ruiz, Tampa, for appellant.
James R. Parks and A. Robert Whaley, Tallahassee, for appellee.
DANAHY, Judge.
In a case of first impression in Florida, we review a determination that appellant was self-employed and, therefore, not unemployed within the meaning of Florida's unemployment compensation law. An appeals referee reached that conclusion and denied appellant's claim for unemployment compensation benefits. The Unemployment Appeals Commission affirmed the decision of the appeals referee and this petition for review followed. We grant the *387 petition, set aside the order of the Commission, and remand the cause with directions to enter an order allowing appellant's claim for benefits.
For two years appellant operated a one-man accounting and tax return firm while working full time as a bookkeeper in covered employment. For his one-man firm, appellant rented an office, obtained a business telephone, and engaged an answering service. He solicited business by placing ads in the newspaper and in the yellow pages of the telephone directory.
Appellant lost his job as a bookkeeper under circumstances which did not disqualify him for unemployment compensation benefits. He immediately began looking for other regular employment and obtained another job ten weeks later. During the interim ten-week period, he spent the majority of his time at his business office in order to answer telephone calls from potential customers. He did not, however, make any personal effort to obtain business. He secured two work assignments in response to his ads which together earned him $300. He claimed unemployment compensation benefits for those weeks between jobs other than the weeks in which he performed the work assignments.
Based on these facts, the appeals referee found that appellant was clearly self-employed and accepted regular employment to supplement his self-employment income. He ruled that, therefore, appellant was not unemployed during the period for which appellant claimed unemployment compensation benefits. We hold that the referee's decision was incorrect as a matter of law.
We have no difficulty accepting the proposition that a self-employed person is not unemployed within the meaning of the unemployment compensation law. The law does not specifically so provide, but this is a fair interpretation of the law's definition of unemployment. § 443.03(12)(a), Fla. Stat. (1979). The difficulty lies in determining the point at which self-directed work activity amounts to self-employment, though financially unsuccessful, for purposes of determining entitlement to unemployment compensation benefits.
The Commission urges upon us the hardline view of early decisions in Pennsylvania and New York that any work activity which is potentially profitable and of substantial proportions amounts to self-employment regardless of whether any remuneration is actually realized. That view reflects the attitude that persons engaged in such activity are not exposed to the rigors of unemployment which unemployment compensation law is designed to alleviate, and that unemployment compensation benefits should not be used to subsidize unprofitable business ventures. Those considerations were found to outweigh the possibility that ambitious and energetic persons might be penalized for their industry. Claim of Schreiber, 5 A.D.2d 745, 168 N.Y.S.2d 818 (1957); Meckes v. Unemployment Compensation Board of Review, 190 Pa.Super. 578, 155 A.2d 463 (1959); Gheder v. Unemployment Compensation Board of Review, 186 Pa.Super. 493, 142 A.2d 355 (1958); Annot., 65 A.L.R.2d 1182 (1959). Accord, Pedalino v. Board of Review, Division of Employment Security, Department of Labor and Industry, 83 N.J. Super. 449, 200 A.2d 351 (1964), cert. denied, 43 N.J. 129, 202 A.2d 702 (1964).
Other courts have taken a more flexible view that a person should not be penalized for temporary efforts to augment funds during a period of lay-off from regular employment, even though those efforts might be self-employment in the technical legal sense. We find that over the years the weight of authority has shifted to that view and away from the rigid rule adopted in Pennsylvania and New York. However, the courts adopting the more liberal attitude have used a variety of tests for determining what constitutes self-employment in the context of unemployment compensation laws. E.g., Cumming v. District Unemployment Compensation Board, 382 A.2d 1010 (D.C. 1978), and Bolles v. Appeal Board of the Michigan Employment Security Commission, 361 Mich. 378, 105 N.W.2d 192 (1960) (genuine attachment to the labor market); Corwin v. Sunshine Mining Company, *388 96 Idaho 211, 525 P.2d 993 (1974) (measurement by specific criteria); Siddiqi v. Review Board of the Indiana Employment Security Division, Ind. App., 388 N.E.2d 613 (1979) (whether part time or full time); Watkins v. Board of Review of the Employment Security Division of the Labor Department, 191 Kan. 223, 380 P.2d 329 (1963) (primary interest); Chapman v. Employment Division, 32 Or. App. 127, 573 P.2d 755 (1978) (proportionate amount of time spent).
But we do not have to choose an overall rule to settle all cases, only a rule for the situation presented here-that in which an individual's self-directed work activity is a continuation of activity engaged in while the individual was employed full time by another. Several courts have agreed that the continuation of such activity, in and of itself, does not constitute self-employment even though the individual devotes more time to it while laid off from his regular employment. Kleinwachter v. Department of Employment Services, 305 Minn. 568, 234 N.W.2d 822 (1975); Parent v. Administrator, Bureau of Unemployment Compensation, 84 Ohio App. 360, 171 N.E.2d 522 (1959); Gesualdi v. Board of Review of the Department of Employment Security, 118 R.I. 399, 374 A.2d 102 (1977); Johnson v. Board of Review of Industrial Commission, Department of Employment Security, 7 Utah 2d 113, 320 P.2d 315 (1958); Bartel v. Employment Security Department, 60 Wash.2d 709, 375 P.2d 154 (1962). No one of these cases agrees in its rationale with any other, but the common pattern of facts suggests a general rule. In each case the extent of the self-directed work activity changed only in that the individual devoted more time to it, sometimes full time, during the period of layoff from his regular employment, but there were no factors suggesting that the self-directed activity became the individual's primary source of livelihood. We hold that in such circumstances, the activity does not constitute self-employment for purposes of unemployment compensation benefits.
We note that in 1959 Pennsylvania amended its law to soften the judicial rule in that state by providing specifically that an individual shall be deemed not engaged in self-employment by reason of continued participation without substantial change in activity undertaken while customarily employed by an employer in full-time work and continued subsequent to separation from such work when such activity is not engaged in as a primary source of livelihood. 43 Pa. Stat. Ann. § 802(h) (Purdon).
As noted above, the appeals referee in the case before us was of the opinion that appellant accepted regular employment to supplement his self-employment income. There is absolutely no evidence to support that conclusion; the opposite could be true. In the absence of any evidence of substantial change in appellant's self-directed work activity after the loss of his regular job, other than his spending most of his time at his office, and in the absence of any evidence that appellant engaged in that activity as a primary source of livelihood during the period for which he claimed benefits, the appeals referee erred in deciding that appellant's activity constituted self-employment.
Therefore, we set aside the order of the Unemployment Appeals Commission affirming the decision of the referee and remand with directions to enter an order allowing the benefits which appellant claimed.
OTT, A.C.J., and CAMPBELL, J., concur.