MOORE, Judge.
This is an appeal from an order of The Florida Unemployment Appeals Commission which reversed an order of the appeals referee. The sole issue on appeal is whether the appellant had the requisite number *1201 of work weeks to entitle him to a trade readjustment allowance. We find that he did and we reverse.
The Trade Act of 1974 provides financial assistance to American workers for injury caused by import competition. The pertinent provisions of the Act, Title 19 U.S.C.A. § 2291, provide as follows:
Payment of a trade readjustment allowance shall be made to an adversely affected worker covered by a certification under subpart A of this part who files an application for such • allowance for any week of unemployment which begins after the date specified in such certification pursuant to Section 2273(a) of this title, if the following conditions are met:

(2) Such worker had, in the 52 weeks immediately preceding such total or partial separation, at least 26 weeks of employment at wages of $30 or more a week in adversely affected employment with a single firm or subdivision of a firm, or, if data with respect to weeks of employment are not available, equivalent amounts of employment computed under regulations prescribed by the Secretary.
It is undisputed that both appellant and the firm he worked for are covered by the provisions of this Act. The only question before us is whether appellant satisfied the Act’s requirement of “26 weeks of employment.”
Appellant’s employment began September 5, 1979, and continued until February 29, 1980. Accordingly, it is not disputed that appellant had worked for twenty-six (26) weeks. This would seem to qualify him for the trade readjustment allowance provided for by the Act. However, the Unemployment Appeals Commission ruled otherwise. Their decision was based upon Federal regulations enacted by the Department of Labor pursuant to the Trade Act. The order of the Commission states:
29 CFR § 91.3(23) defines qualifying period as “the 52 calendar weeks preceding an individual’s appropriate week.” The law also defines appropriate week as the week in which the individual’s most recent total separation occurred.
The Commission ruled that the week of February 24, appellant’s last week of employment, was when total separation occurred. It went on to conclude:
Consequently, that week, pursuant to 29 CFR § 91.3(23), must be construed as the claimant’s appropriate week and cannot therefore be considered as a week of employment for determining the claimant’s entitlement to an allowance. It therefore follows that the claimant can only be credited with 25 weeks in adversely affected employment.
The obvious flaw in this analysis is that it requires a worker (under these facts) to be employed for twenty-seven (27) weeks in order to get credit for twenty-six. Such a construction cannot stand in light of Congress’ clear intent, as demonstrated by the terms of the Trade Act itself, that twenty-six weeks of employment be sufficient to qualify for the readjustment allowance.
As we view the regulations, appellant’s “appropriate week” began March 3, 1980. This was the week in which “total separation occurred.” During the prior week, of February 24, there was no separation at all. Appellant worked all of that week just as he had the previous twenty-five.[1] It simply does not comport with logic to find “separation” in a week where there has not been any. Appellant’s twenty-six weeks of employment qualify him for the benefits provided by the Trade Act.
Therefore, the order of the Unemployment Appeals Commission is reversed and this case is remanded for proceedings consistent with this opinion.
HERSEY and HURLEY, JJ., concur.

. We limit our decision only to those situations where a claimant’s last week of employment was a full one. No opinion is expressed for “separations” occurring mid-week.