646 So.2d 798 (1994)
Patricia J. DeLISI, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 94-00725.
District Court of Appeal of Florida, Second District.
December 7, 1994.
Patricia J. DeLisi, pro se.
*799 John D. Maher, of Florida Unemployment Appeals Com'n for appellee Com'n.
FRANK, Chief Judge.
Patricia DeLisi sought unemployment compensation after she was discharged from her full time job at Eaton Corporation, where she had been employed from 1981 to 1993. At the time of her termination, DeLisi was part owner, with her husband, of a video store, which generated no income for the couple and in fact resulted in a loss. During her tenure with Eaton DeLisi worked part time in the store, but she expanded her hours to full time while looking for other permanent employment. DeLisi did perform substantial services for a business that grossed $2,500 per month and from that fact alone, the Unemployment Appeals Commission determined that she was not "totally unemployed" as that term is used in section 443.036(32)(a), Florida Statutes (1993). The Commission denied her claim for benefits. We reverse.
Our decision in Hartenstein v. Florida Dep't of Labor and Employment Security, 391 So.2d 386 (Fla. 2d DCA 1980), controls this case. Hartenstein operated his own one-man accounting and tax return firm while working full time as a bookkeeper. When he was laid off from his bookkeeper job, he began looking for other full time employment, but in the interim he spent most of his time at his own business office. This court reversed the Commission, which had held that the claimant was disqualified from receiving unemployment compensation benefits during the time he was self-employed but searching for other full time employment.
In Hartenstein this court decided that when self-directed work activity changes "only in that the individual devoted more time to it, sometimes full time, during the period of layoff from his regular employment, but there were no factors suggesting that the self-directed activity became the individual's primary source of livelihood ..., the activity does not constitute self-employment for purposes of unemployment compensation benefits." 391 So.2d at 388. By adopting this rule in Hartenstein we exhibited a preference for a more flexible construction of the term "self-employment" and considered whether the claimant could support himself from his business. In this case DeLisi's accountant testified that it was impossible for DeLisi to support herself from her work at the video store which, although generating income, yielded a loss rather than a profit.
In light of the foregoing, we reverse and vacate the order of the Unemployment Appeals Commission and remand this matter for entry of an order allowing DeLisi's claim for benefits.
PATTERSON and QUINCE, JJ., concur.