PER CURIAM.
Arthur J. Goldstein appeals from an order affirming the Appeals Referee’s determination that he is hable for repayment of $3,000.00 in unemployment compensation benefits. For the following reasons, we reverse.
After losing his job, the claimant received unemployment compensation benefits. While he was receiving those benefits, he formed a corporation that purchased a business as an investment. The claimant drew no income from that investment.
The agency sought repayment of $3,000.00 in unemployment compensation benefits that the claimant had received after purchasing the business, on the ground that he was not “unemployed” once he began to manage his investment. An individual is “deemed ‘totally unemployed’ in any week during which he performs no services and with respect to which no earned income is payable to him.” § 443.036(32), Fla. Stat. (1995) (emphasis added). “Earned income” is defined as “gross remuneration derived from work, professional service, or self-employment but does not include income derived from invested capital or oumership of property.” *1343 § 443.036(14), Fla. Stat. (emphasis added). When these two sections are read together, it follows that, although the claimant may have received income from his invested capital, he did not receive “earned income” as defined by Chapter 443, and was therefore unemployed within the meaning of the statute for the period after which he purchased the business. Cf. Hartenstein v. Department of Labor & Employment Secmity, 391 So.2d 386, 388 (Fla. 2d DCA 1980) (self-employed claimant was not employed where “there were no factors suggesting that the self-directed activity became the individual’s primary source of livelihood.”). Accordingly, the claimant was not liable to the agency for repayment of unemployment compensation benefits paid to him.
REVERSED.