PATTERSON, Judge.
Nicholas Cuomo and Judy Momsen (the claimants), in separate appeals, challenge an Unemployment Appeals Commission (UAC) order of recoupment for overpayment of unemployment compensation benefits.[1] We agree with the claimants that the benefits are not subject to recoupment and reverse the UAC’s order.
In September 1994, the claimants lost their employment with New-Eas Premium Budget Company when their employer moved its operations from Naples, where they lived. As a result, Cuomo received a total of $3,153 in unemployment benefits and Momsen received a total of $6,500 in unemployment benefits. The Division of Unemployment Compensation requested-the claimants to explain a cost and revenue' breakdown of a business called Gulf Coast Marine Repair and Service, a partnership in which they each had a fifty percent interest. The Division determined that Momsen was overpaid $4,122 and Cuomo was overpaid $3,153 for failing to correctly report work and earnings during the weeks they claimed benefits, and it demanded repayment of benefits.
At a hearing before an appeals referee on October 26, 1995, it was established that the marine repair business had been in operation since October 1993. The claimants worked part-time in that business while they were employed at New-Eas. They did not make any money on the marine repair and service business before they lost their jobs or during the unemployment benefit compensation period. Momsen and Cuomo each spent approximately two to three hours per week on the marine repair business while employed at New-Eas. Momsen testified that, at the time of the hearing, she spent about four to five hours a week on the business.
The appeals referee found that the claimants “never actually received any money from this business because the expenses exceeded the income.” In determining that *928 unemployment benefits of $3,122 to Momsen and $2,586 to Cuomo were overpaid, the appeals referee relied solely on imputing gross revenues of the marine repair business to the claimants. They argued that using gross revenues as a basis to deny unemployment compensation benefits, which included items like state sales tax and the cost of acquiring merchandise that was resold on a retail basis, was an improper analysis. While correcting the amount of the overpayment to $4,122 for Momsen and $3,153 for Cuomo, the UAC otherwise affirmed the decision of the appeals referee.
The appeals referee erred in his legal conclusion that the claimants were not totally unemployed because they “earned income within the meaning of the employment compensation law.” The appeals referee came to this conclusion by equating gross revenue of the marine repair business with gross remuneration to the claimants:
Consideration was given to [Momsen’s] argument and testimony that she never really received this income because the expenses of the partnership are greater than the partnership income. However, the referee rejects this argument. The statute clearly refers to gross remuneration and does not make any provision for the deduction of expenses in arriving at the gross remuneration.
The definition of unemployment looks to “earned income.” § 443.036(32), Fla. Stat. (1995). Earned income, in turn, is defined as “gross remuneration derived from work, professional service, or self-employment but does not include income derived from invested capital or ownership of property.” § 443.036(14), Fla. Stat. (1995). In DeLisi v. Florida Unemployment Appeals Comm’n, 646 So.2d 798 (Fla. 2d DCA 1994), this court held that DeLisi’s self-directed work activity did not constitute self-employment and did not disqualify her from receiving benefits. There, DeLisi and her husband owned a video store which generated $2,500 in revenue a month but operated at a loss. Relying on Hartenstein v. Florida Dep’t of Labor & Employment Sec., 391 So.2d 386 (Fla. 2d DCA 1980), the DeLisi court concluded that although the video store generated income, it was impossible for DeLisi to support herself from her self-directed work activity and, thus, she was entitled to receive benefits.
Similarly, the claimants are fifty percent partners in a marine repair business which generates revenue but operates at a loss. They personally receive no remuneration because the business’s overhead exceeds its revenue. Like DeLisi, the claimants’ self-directed work activity does not enable them to support themselves. The claimants have no earned income and are not self-employed for purposes of unemployment compensation benefits. Therefore, we reverse the UAC’s order which requires Momsen to repay $4,122 of her benefits and Cuomo to repay $3,153 of his benefits.
Reversed.
FRANK, A.C.J., and ALTENBERND, J., concur.

. This court, sua sponte, consolidated these two appeals for purposes of this opinion.