SHEVIN, Judge.
Claimant Juan F. Guido appeals an order of the Unemployment Appeals Commission affirming a redetermination disqualifying claimant from receiving benefits. We reverse.
Vincam Human Resources, Inc., employed Mr. Guido for six years. Vincam discharged Mr. Guido in October 1997. Mr. Guido applied for unemployment compensation benefits. Mr. Guido’s Wage Transcript and Determination provided that he worked solely for Vincam for the base period. However, Mr. Guido’s base employment period was bifurcated on the Wage Transcript under two Vincam account numbers: July to December 1996 under Vincam account no. 1237783; *969 January to June 1997 under Vincam account no. 1467507. Vincam’s address is identical for both account numbers. The Division of Unemployment Compensation sent Vincam a notice of Mr. Guido’s claim under account no. 1237783. Vincam responded that Mr. Guido had been discharged for misconduct. On November 6, 1997, the Division determined that Mr. Guido was entitled to benefits and notified Vincam accordingly. Vincam did not appeal the determination. On that date, the Division sent Vincam a notice of the claim, reflecting account no. 1467507.
On November 24, 1997, Vincam, under account no. 1467507, again responded to Mr. Guido’s claim, asserting once again that he was discharged for misconduct. This- response did not request an appeal or a reconsideration of the Division’s November 6th determination. Based on Vincam’s response, under account no. 1467507, the Division issued a redetermination, reiterating that Mr. Guido qualified for benefits. Vincam appealed the redetermination; the appeals’ referee ruled that Mr. Guido was disqualified from receiving benefits. • The Commission affirmed the referee’s decision. Mr. Guido appeals that order.
The issue is whether a redetermination of Mr. Guido’s eligibility for benefits was warranted under section 443.151(3)(c), Florida Statutes (1997). Section 443.151(3)(a), Florida Statutes (1997), provides that “the claimant’s most recent employing unit, and all employers whose accounts would be charged with benefits” are entitled to notice of a benefit determination. (Emphasis added). The record reveals that Mr. Guido only worked for one company, Vincam, and that Vincam received notice of Mr. Guido’s claim. The Commission argues, however, that there are two employers and that each employer was entitled to notice. Thus, the redetermi-nation became necessary when the second Vincam account was not notified.
We are not persuaded by this argument. Section 443.036(18), Florida Statutes (1997), defines an employing unit as “any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company or corpora-tion_” See 56 Fla. Jur.2d Unemployment Compensation § 13 (1985 & Supp.1999). Under this definition, an employer does not become multiple “employing units” by virtue of using multiple account numbers for its own purposes. Clearly, Vincam was one “employing unit,” and it was fully aware that its former employee was seeking benefits. The Division sent both notices to the same company, Vincam Human Resources, Inc., at the same address. Vincam’s response under the guise of both account numbers was identical. Both Vincam responses were signed by the same person. Thus, we conclude that Vincam was the only “employing unit,” and was properly noticed as required by section 443.151(3)(a).
Additionally, section 443.151(3)(c)l did not authorize a redetermination in this case.[1] The redetermination fails to set forth any error in the determination, or new evidence or information, which would justify a redetermination.- Vincam’s response for account no. 1467507 did not allege any error or new evidence. The original determination became final upon expiration of the twenty-day period for appealing or requesting a reconsideration. § 443.151(3)(a), Fla. Stat. (1997); see Florida State University v. Jenkins, 323 So.2d 597 (Fla. 1st DCA 1975).
Based on the foregoing, we hold that the Division erred in proceeding with the redetermination. We' recognize that “an agency’s interpretation of a statute; with which it is legislatively charged with administering, shall be accorded great weight and should not be overturned unless clearly erroneous, arbitrary or unreasonable.” Turnberry Isle Resort & Club v. Fernandez, 666 So.2d 254, 256 (Fla. 3d DCA 1996). However, the agency’s interpretation in this ease has no basis in the statute. Turnberry Isle Resort & Club, 666 So.2d at 256. Our hold *970 ing today is consistent with the Unemployment Compensation Chapter’s rule of liberal construction, § 443.031, Fla. Stat. (1997), and intent of lightening the burden of unemployment on unemployed workers and their families. See § 443.021, Fla. Stat. (1997); Turnberry Isle Resort & Club, Robinson v. Florida Unemployment Appeals Comm., 526 So.2d 198, 200 (Fla. 4th DCA 1988). We reverse the Commission’s order and remand with directions to reinstate the November 6, 1997, determination awarding Mr. Guido benefits.
Reversed and remanded.

. Section 443.15) (3) provides:
(c) Redeterminations.—
1. The division may reconsider a determination whenever it finds that an error has occurred in connection therewith or whenever new evidence or information pertinent to such determination has been discovered subsequent to any previous determination or redetermination.