782 So.2d 525 (2001)
William G. REEVES, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Department of Business and Professional Regulation, Appellee.
No. 1D00-2392.
District Court of Appeal of Florida, First District.
April 12, 2001.
William G. Reeves, Pro Se, for Appellant.
Steven S. Godwin, Assistant General Counsel, Department of Business and Professional Regulation, Tallahassee, for Appellee.
PER CURIAM.
The claimant below appeals from an order of the Unemployment Appeals Commission (Commission) and raises three issues. Because we reverse on the first issue, we need not address the others.
Immediately following his discharge from the Department of Business and Professional Regulation (DBPR), appellant initiated the process of filing a claim for benefits with the Division of Unemployment Compensation (Division). Over the next several months, appellant and the Division were engaged in resolving the question of appellant's eligibility for such *526 benefits because the position he had held was part of the Senior Management Service under section 110.205(2), Florida Statutes. The Division then issued a determination awarding appellant unemployment benefits, which it mailed on June 4, 1999. On July 30, DBPR sent a letter to the Division, "to protest the payment of unemployment compensation" to appellant and asserted as grounds that appellant had occupied a position in the Senior Management Service and therefore was not eligible for benefits. Subsequently, on August 19, 1999, the Division sent appellant a "Reconsideration Determination" stating that the Division had reexamined his claim and determined that the position he held was excluded from unemployment compensation coverage. At the same time, the Division informed appellant that he must repay the benefits already paid him. Appellant appealed the redetermination, arguing that DBPR's appeal to the Division was untimely and that the Division's redetermination was unauthorized under applicable law. The appeals referee upheld the Division's redetermination, and the Commission affirmed.
Section 443.151(3)(a), Florida Statutes, provides that an employer or claimant must file an appeal of a benefits determination within 20 days after the Division mails such determination. See Fla. Admin. Code R. 38E-5.003(1), .005. Clearly, DBPR's letter to the Division was untimely as an appeal of the determination that appellant was entitled to benefits. The question before us then is whether the Division's August 1999 redetermination was authorized by section 443.151(3)(c)1., Florida Statutes, which provides that within specified time limits, the Division "may reconsider a determination whenever it finds that an error has occurred in connection therewith or whenever new evidence or information pertinent to such determination has been discovered subsequent to any previous determination or redetermination." See, e.g., Blaser v. Unemployment Appeals Comm'n, 687 So.2d 337 (Fla. 4th DCA 1997).
We reject DBPR's contention that its July 1999 letter questioning appellant's eligibility for unemployment compensation because he worked in a Senior Management position constituted "new information" to the Division under section 443.151(3)(c)1. The record clearly demonstrates that this was the very issue under consideration by the Division from the beginning of the claims process. Accordingly, the Division's redetermination was not authorized by the statute and the determination that granted appellant benefits became final 20 days after it was mailed. See Guido v. Vincam Human Res., Inc., 729 So.2d 968 (Fla. 3d DCA 1999).
We reverse the Commission's order and remand with directions to reinstate the June 4, 1999, determination awarding appellant benefits.
MINER, KAHN and WEBSTER, JJ., concur.