ALTENBERND, Chief Judge.
Todd D. Smith appeals an order of the Unemployment Appeals Commission *298 (UAC) affirming the order of an appeals referee that denied Mr. Smith unemployment benefits on the ground that he was not “unemployed” when he was receiving training for a new position. Because certain procedural and substantive errors led to confusion over the issue presented to the appeals referee, the evidence before the appeals referee did not support a finding that Mr. Smith was employed or unemployed for a period in October and November 2001. We therefore reverse the order on appeal and remand the case for a proper determination in this regard.
Mr. Smith was employed by Staywell Health Plan until July 20, 2001. When his employment with Staywell Health Plan ended, Mr. Smith applied for and was awarded unemployment benefits. On October 8, 2001, Mr. Smith began training to become an insurance agent with Bankers Life & Casualty Company. He notified the Division of Unemployment Compensation of this development. The Division issued a notice of determination terminating Mr. Smith’s benefits as of October 8, 2001. The Division then changed the applicable employer in its documents to Bankers Life. As a result of this latter change, Staywell Health Plan was not notified of and did not participate in the further proceedings.
Mr. Smith appealed the termination of his benefits. The subsequent notices on the proceedings listed Bankers Life as the employer, but indicated that the issue to be decided was whether Mr. Smith was “unemployed” and therefore whether he remained eligible for benefits that were initially attributed to his employment with Staywell Health Plan. To add to the confusion, Mr. Smith left his employment with Bankers Life while the appeal was pending and prior to the hearing before the appeals referee. Thus, when the hearing before the appeals referee occurred in March 2002, there were significant misunderstandings over the issue to be addressed. Mr. Smith began to present testimony suggesting that his decision to terminate his employment with Bankers Life was for good cause attributable to the employer, thus suggesting that he had a claim for unemployment compensation after leaving Bankers Life. See § 443.101(l)(a), Fla. Stat. (2001). Although the appeals referee appeared to understand that the issue properly before him was whether Mr. Smith was unemployed from October 8 when he began training with Bankers Life until he completed his training in November, the appeals referee apparently assumed that any employment, even if it was uncompensated, would disqualify Mr. Smith from unemployment benefits. As a result of this confusion, the record does not contain evidence sufficient to support the appeals referee’s determination that Mr. Smith was actually employed during this time. The record does not reveal the precise dates that Mr. Smith was in training, whether he was eligible for compensation at any time during those dates, and what specific employment arrangements he had with Bankers Life at that time. According to Mr. Smith, he was not paid for any of the time he participated in the training program.
A person is “totally unemployed” under the workers’ compensation statutes in any week during which he or she performs no services and with respect to which no earned income is payable to him or her. § 443.036(39), Fla. Stat. (2001). This court has held that a claimant who actually works for a business but does not earn any income from that work is “unemployed” pursuant to section 443.036(39), and therefore remains eligible to receive unemployment benefits. Momsen v. Fla. Unemployment Appeals Comm’n, 706 So.2d 927 (Fla. 2d DCA 1998); DeLisi v. Fla. Unemployment Appeals Comm’n, 646 So.2d 798 (Fla. 2d DCA 1994); see also § 443.111(4)(b), Fla. Stat. (2001) (providing *299 for partial unemployment benefits when claimant earns income that is less than the amount of the weekly unemployment benefit).[1]
According to Mr. Smith, Bankers Life did not pay him for the training and he did not become eligible for any pay until the training ended on November 25, 2001.[2] As such, this training may qualify as an education program that, although tied to a prospective employer, did not change Mr. Smith’s status of being “unemployed.” This is an issue that was not adequately addressed by the appeals referee due to the procedural confusion that occurred at the hearing. We therefore reverse the order on appeal and remand to the appeals referee to address specifically whether Mr. Smith was “unemployed” from October 8, 2001, until he completed his training as an insurance agent and became eligible for compensation. In these future proceedings, Staywell Health Plan should be notified as the appropriate employer. See § 443.131(3)(a), Fla. Stat. (2001).
Finally, although Mr. Smith argued before the appeals referee that he should be entitled to benefits based upon his termination from his employment with Bankers Life, our record does not reflect whether Mr. Smith ever applied for benefits on that basis. Therefore, this issue was not properly before the appeals referee and is not properly before this court.
Reversed and remanded.
SILBERMAN and COVINGTON, JJ., Concur.

. We note that this case does not involve a claim that Mr. Smith's training made him “unavailable" for work. See § 443.09l(l)(c), Fla. Stat. (2001).

. It appears Mr. Smith received some form of compensation from Bankers Life on November 20, 2001.