CASANUEVA, Judge.
David T. Grover appeals from an order of the Unemployment Appeals Commission, which concluded that he was disqualified from receiving unemployment benefits on the basis of fraud. The Commission affirmed an appeals referee’s finding that because Mr. Grover was providing startup services for his own company, he was employed within the meaning of the statute and thus committed fraud when he alleged otherwise. Because the referee’s finding that Mr. Grover was employed was not supported by competent, substantial evidence, and because there was no evidence of fraud, we reverse.
Procedural History
The history of this case is somewhat tortuous. David Grover was employed for four years as an investigator by Brumell Investigations, Inc., until his employment was terminated in March 2002. As a com dition of employment Mr. Grover signed a noncompetition agreement. Mr. Grover formed his own private investigation firm while he was still employed, and on the day after his dismissal, Brumell Investigations’ attorney sent him a letter threatening litigation should he violate the agreement. Nothing in this record reflects whether the issue of Mr. Grover’s alleged violation of the agreement has been litigated to conclusion. It is apparent, however, that Brumell Investigations embarked upon a campaign to insure that Mr. Grover would not receive any unemployment benefits after he was fired.
Several weeks after he was terminated, Mr. Grover applied for and received an initial determination that he was discharged for reasons other than misconduct and was qualified for benefits. He began to receive the benefits, but when he inquired of the Agency for Workforce Innovation (AWI) whether he was eligible even though he had started his own business, he received conflicting answers. This caused him concern, so he returned the checks he initially received. Some two months later, *752 when he could not find work because of the noncompetition agreement, he began receiving the benefits again. Brumell Investigations then contested the award of benefits. In addition, even before the matter went to a hearing before a referee, Brumell Investigations contacted an AWI fraud investigator at least three times to complain that Mr. Grover was self-employed and operating his own business.
In July 2003, Appeals Referee Pearson affirmed the AWI determination that Mr. Grover was eligible for benefits. In his decision, Referee Pearson acknowledged that Mr. Grover had opened his own private investigation firm following his discharge. Brumell Investigations filed an appeal of the referee’s decision, questioning whether Mr. Grover was “available for work” within the meaning of section 443.091(l)(c)(l), Florida Statutes (2002), because he was self-employed.
Shortly thereafter, Brumell Investigations abandoned that appeal but again requested a fraud investigation into whether Mr. Grover was “unemployed” or “available for work.” Because of Brumell Investigations’ repeated insistence, AWI interviewed Mr. Grover in person to investigate his self-employment, determined that he was actively seeking employment and available to work during the time he received benefits, and notified Brumell that it found no evidence of fraud as follows:
Our Fraud Investigator for your area investigated the information that the claimant was fully employed with LSI Investigation, Inc., which was a business that the claimant owned. We have received copies of the claimant’s work search records and a signed statement from the claimant indicating that while he did establish a business license for LSI Investigation Inc. he continued to seek full time employment elsewhere and that he did not earn any money in this business. Based on the available information the Agency is unable to substantiate that the claimant did not meet the eligibility requirements or was not entitled to the benefits he received on his unemployment claim.
The letter concluded with a paragraph informing Brumell Investigations that if it disagreed with the determination, it could request a hearing within twenty days.-Brumell Investigations did so as follows:
Brumell Investigations is filing this protest and requesting this hearing because of its belief that the Investigations Unit erred in determining that the claimant was eligible for benefits that he received on his unemployment compensation claim. In particular, Brumell Investigations contends that the Investigations Unit should have found that the claimant, David Grover, was either receiving wages from self-employment and/or not available for work during all or part of the time he was receiving unemployment benefits.
The second appeal hearing was conducted by Referee Riggins. At the commencement of the proceeding, Mr. Grover’s attorney asked that the appeal be dismissed, first, because the issue of whether the claimant was receiving wages from self-employment or was available for work was decided by Referee Pearson, whose decision became final and binding when Bru-mell Investigations opted not to appeal it. Thus, absent authorization for a redetermi-nation, the findings of fact in the first decision have preclusive effect. Second, even if the appeal were proper, the employer’s appeal notice requested review only of those very issues; neither the notice nor the investigation notified Mr. Grover of what fraudulent conduct he had allegedly committed. Referee Riggins rejected Mr. Grover’s motions, the hearing *753 proceeded, and the following decision issued:
The record reflects that the claimant was not unemployed and was providing services for his own company while receiving unemployment benefits. The record further reflects that the claimant was knowingly making false statements when reporting on his claim for benefits. Since the claimant was not unemployed and was providing services for his own business while collecting unemployment benefits, he is ineligible for receipt of unemployment benefits. Since the claimant was not unemployed, and knowingly made false statements when he reported on his claim for benefits he has been overpaid benefits for weeks ended April 27, 2002 through January 11, 2003, totaling $9,075.00.
Thus, Referee Riggins absolutely contradicted the decision of Referee Pearson from which no appeal had been taken. Then, in spite of the fact that Mr. Grover had justifiably relied upon the previous determination that his attempt to start his own business did not preclude him from collecting benefits, Referee Riggins apparently further concluded that Mr. Grover committed fraud each time he stated that he was unemployed and available for work in order to collect benefits to which he had been told he was entitled. The Unemployment Appeals Commission affirmed the referee’s decision.
Erroneous Determination that the Claimant was Self-Employed and Not Available for Work
We have serious reservations about Referee Riggins’ authority to clothe her decision as a fraud determination and thereby overturn Referee Pearson’s findings. Redetermination of unemployment benefits is not authorized absent some factual error in the initial determination or new evidence that would justify a redeter-mination. See, e.g., Willis v. Fla. Unemployment Appeals Comm’n, 890 So.2d 535 (Fla. 1st DCA 2005); Reeves v. Fla. Unemployment Appeals Comm’n, 782 So.2d 525 (Fla. 1st DCA 2001); Guido v. Vincam Human Resources, Inc., 729 So.2d 968 (Fla. 3d DCA 1999).
In Reeves, the most nearly analogous of these decisions, the claimant was discharged from the Department of Business and Professional Regulation (DPBR) and filed a claim for unemployment benefits. DPBR contested his eligibility on the ground that he was part of the senior management service, but the Division of Unemployment Benefits awarded the claimant benefits. After the time to appeal the determination had passed, DPBR sent a letter to the Division contesting the award on the ground that the claimant had occupied a senior management service position. As a consequence, the Division sent the claimant a “reconsideration determination,” stating that it had reexamined the claim and had decided that he was excluded from benefits on the very ground that had been contested all along — that he had occupied a position in the senior management service. Furthermore, the Division required the claimant to repay the benefits he had already received.
An appeals referee upheld the redeter-mination in Reeves, as did the Unemployment Appeals Commission. Reversing, the First District held:
We reject DPBR’s- contention that its July 1999 letter questioning appellant’s eligibility for unemployment compensation because he worked in a Senior Management position constituted “new information” to the Division under section 443.151(3)(c)l. The record clearly demonstrates that this was the very issue under consideration by the Division from the beginning of the claims pro *754 cess. Accordingly, the Division’s rede-termination was not authorized by statute and the determination that granted appellant benefits became final 20 days after it was mailed. See Guido v. Vincam Human Res., Inc., 729 So.2d 968 (Fla. 3d DCA 1999).
782 So.2d at 526.
This case is eerily similar to Reeves but distinguishable because at some point AWI invited Brumell Investigations to pursue a fraud claim. And the appeal from that determination — albeit bearing all the hallmarks of an erroneous redetermination— was timely. Thus, we decline to hold that Referee Riggins lacked jurisdiction to consider Brumell Investigations’ appeal.
Claimant’s Self-Employment and Availability for Work
Nevertheless, even conceding Referee Riggins’s authority to reconsider the issue of whether Mr. Grover was unemployed and available for work, she erred when she applied the facts to the applicable law. This court, in DeLisi v. Unemployment Appeals Commission, 646 So.2d 798 (Fla. 2d DCA 1994), examined a similar factual situation. When DeLisi was laid off from her job, she began working fulltime at a video store she co-owned with her husband. The store, however, was losing money, and she received essentially no wages. This court reversed the determination that DeLisi was employed within the meaning of the unemployment compensation statutes, relying upon Hartenstein v. Florida Department of Labor & Employment Security, 391 So.2d 386 (Fla. 2d DCA 1980). Hartenstein holds that when a claimant devotes part or even all of his or her work hours to self-directed work activity during a period of layoff from regular employment, but the work does not become the individual’s primary source of livelihood, the work does not constitute self-employment for the purposes of the unemployment compensation statutes. See also Momsen v. Unemployment Appeals Comm’n, 706 So.2d 927 (Fla. 2d DCA 1998). Furthermore, the fact that an individual actually works for a business but does not earn any income from the work renders that person unemployed and eligible for benefits pursuant to the statute. Smith v. Bankers Life & Cas. Co., 852 So.2d 297, 298-99 (Fla. 2d DCA 2003).
In this case Referee Riggins decided that the claimant’s efforts to start up and market his business precluded a finding that he was unemployed as defined by the statute. See § 443.036(39). It was uncon-troverted that Mr. Grover continued to seek regular employment during the time that he collected benefits. However, Referee Riggins relied on Brumell’s leading statement on cross-examination, that marketing a business is pretty much of a “24/7 job,” to which Mr. Grover responded, ‘Tes.... If I was marketing my business, yes.” Mr. Grover testified that he spent maybe an hour or two in the evenings and on weekends marketing his business. Even given an occasional lunch or golf game with prospective clients, the principles behind DeLisi and Hartenstein would still control. Mr. Grover was not employed while he was collecting benefits.
Erroneous Fraud Determination
The genesis of the fraud allegation was apparently Mr. Grover’s telephonic response to a recorded question that he was required to answer weekly in order to receive benefits. When asked whether he was working, Mr. Grover answered “no” based on his discussions with AWI personnel.
We have a number of concerns with the determination that this - constituted fraud. First, it is difficult to understand how Mr. Grover’s response, even if it were found to be wrong, could constitute fraud *755 when “work” is a legal term in this context, requiring resort to the courts for definition. For Mr. Grover’s conduct to rise to the level of fraud, he must have made a specific statement of material fact that was untrue and that he knew was untrue. See Dawkins v. Fla. Indus. Comm’n, 155 So.2d 153 (Fla. 2d DCA 1963).
Second, Referee Riggins’s order does not explicitly specify that she relied on those particular statements for her finding that Mr. Grover knowingly made false representations to obtain benefits. This lack of particularity is not surprising in that Mr. Grover was never informed prior to the hearing as to what fraudulent statements he had been accused of making, a deficiency that constituted a denial of due process. Based upon these concerns, we hold that Referee Riggins erred as a matter of law when she decided that Mr. Grover’s behavior was fraudulent.
Overpayment of Benefits
In light of the resolution of other issues, we reverse the determination that Mr. Grover was overpaid unemployment benefits and remand for reinstatement of benefits to which he is entitled.
Attorney’s Fees
Mr. Grover has moved for appellate fees and costs pursuant to section 443.041(2)(b), Florida Statutes (2003), payable by the Agency for Workforce Innovation. The appellate court is required to set this fee, which cannot exceed fifty percent of the total amount of regular benefits permitted during the benefit year. AWI’s response to the fee motion points out that the cap on Mr. Grover’s benefits for the benefit year was $7150 under section 443.111(5)(a)(l); thus, the appropriate fee cannot exceed $3575.
Accordingly, this court sets the attorney’s fee payable to Mr. Grover’s attorney at $3575.
Disposition
We reverse the order of the Florida Unemployment Appeals Commission finding that Mr. Grover committed fraud and collected unemployment benefits to which he was not entitled. We remand for reinstatement of Mr. Grover’s unemployment compensation benefits. Furthermore, we order the Agency for Workforce Innovation to pay Mr. Grover’s attorney a fee in the amount of $3575.
Reversed and remanded with directions.
ALTENBERND and KELLY, JJ., Concur.