SALTER, J.
 

 Theresa Ponce, a licensed certified nursing assistant formerly employed at a facility in Miami-Dade County, appeals an order of the Florida Unemployment Appeals Commission (FUAC) dismissing her unemployment appeal for lack of jurisdiction. Ms. Ponce is not an attorney and represented herself throughout the administrative proceedings and this appeal. During the pendency of the case here, Ms. Ponce filed additional information with FUAC and this Court regarding her claim for benefits and her former employer’s allegation of misconduct. In order to assure an orderly and complete consideration of that information before a final review is conducted here, we vacate the order below with directions to FUAC to remand Ms. Ponce’s case to the Agency for Workforce Innovation Office of Appeals for further consideration.
 

 Background
 

 Ms. Ponce worked for Brookwood Gardens, a nursing home in Homestead, Florida,
 
 [1]
 
 for several years. In late 2008 she was terminated by her employer. She applied for unemployment benefits and was issued a determination of eligibility for weekly benefits of $260 effective December 14, 2008. The following month, she received a notice of determination that benefits would not be paid because she was “discharged for violation of a resident’s rights” and her actions “were not in the employer’s best interests.”
 

 She appealed that redetermination on a standard form and explained “I have worked at the nursing home for three years. I have never been counseled for any resident misconduct. I did not violate the resident’s rights. I am requesting a hearing.” Her appeal was considered “filed” by the Agency for Workforce Innovation over 20 days after the computer-generated “date mailed” on the redetermi-nation, however.
 
 [2]
 
 The Agency for Workforce Innovation Office of Appeals then mailed to Ms. Ponce a notice for a telephonic hearing to be held March 24, 2009. The hearing was scheduled to address both the timeliness of Ms. Ponce’s appeal and the merits of the employer’s claim of misconduct.
 

 
 *931
 
 On March 24th, Ms. Ponce apparently-had not received the notice
 
 [3]
 
 or did not answer the referee’s call, with the result that her appeal was dismissed the same day. The notice of dismissal was certified to have been mailed to Ms. Ponce on March 24, 2009.
 

 In December 2009, Ms. Ponce filed a request to reopen her case noting that there was new information to “clear myself.” The record does not indicate that this request included a copy of a document she filed here as the “new information,” a letter from the Florida Department of Health in August 2009. That Department found no probable cause for action against Ms. Ponce’s license “after reviewing the entire investigative file, including the uniform complaint, witness statements, and the relevant records.” FUAC docketed Ms. Ponce’s request as a “request for review” and, in February 2010, entered an order finding her request untimely and dismissing it. Her timely appeal to this Court followed.
 

 By letter dated February 20, 2010,
 
 [4]
 
 Ms. Ponce provided more information, including a copy of the August 2009 letter from the Department of Health. So far as the record indicates, FUAC and the Agency took no further action regarding Ms. Ponce’s latest submission.
 

 Analysis
 

 Although the provision is more commonly invoked by employers contesting a favorable determination of benefits claimed by a former employee, section 44S.151(3)(c)l, Florida Statutes (2009), states that the Agency for Workforce Innovation “may reconsider a determination if it finds an error or if new evidence or information pertinent to the determination is discovered after a prior determination or redetermination.”
 

 The provision does not permit re-determination if the “new information” was actually available at the time of the initial determination or hearing.
 
 Reeves v. Fla. Unemployment Appeals Comm’n,
 
 782 So.2d 525 (Fla. 1st DCA 2001);
 
 Guido v. Vincam Human Resources, Inc.,
 
 729 So.2d 968 (Fla. 3d DCA 1999). But in this case, Ms. Ponce sought to provide information that, on its face, appears to be quite pertinent to her claim — the agency regulating nursing assistants had conducted an investigation and determined, five months after Ms. Ponce’s scheduled telephonic unemployment compensation hearing, that-based on witness interviews, records, and investigation there was no probable cause for action against Ms. Ponce’s license.
 

 In this and similar cases, FUAC cannot be criticized for not immediately re-opening Ms. Ponce’s claim and remanding it to the Agency. Sparse details are often provided, many times in a handwritten letter. The claimants are typically unemployed and in dire financial straits, are not represented by an attorney, and are unable to afford an attorney. The relatively small sums in controversy often deter private counsel from taking the cases.
 

 However, the difficulty of a typical claimant at this level of review cannot be fully appreciated. In this case, Ms. Ponce’s handwritten letter to FUAC described her efforts to obtain reconsideration based on new evidence:
 

 
 *932
 
 I would like to apologize to the state’s office for being so naive and ignorant as to how your organization operates. I am a 51 year old woman who has never been to the unemployment office until this problem happened. I did not even know what requesting an appeal meant then as I was calling in my weeks I was told my case was closed so I went to the unemployment office for help because I did not understand what they meant but I was told that their employees are there to find people jobs not to help with unemployment. Because of all this information I lost my home, my vehicle, and have no income. I am begging your office to help me with the appeal. I know the good Lord above will help me get past this. When they told me my case was closed I gave up on myself and gave up on fighting, but then in August I received a letter telling me I was cleared of all charges so I called the state again and reopened my case. Ever since then I have been calling every 2 weeks and fighting the best I could to get you guys to approve my appeal. I am begging you to help me. I am begging you to allow me another chance to appeal this case, please give me a chance. I really need your assistance and help. Thanks very much for your time and assistance. Please I know the Lord above will bless you and your entire office. [Signed].
 

 Although the August 2009 letter is hearsay, Ms. Ponce should have an opportunity to demonstrate below that it is “new information” under the redetermination statute. If fully developed in a further hearing, the documents and witnesses considered by the Board of Nursing may substantiate Ms. Ponce’s original grounds on appeal (denying some unidentified person’s extra-record claim of misconduct in the care of a resident at Brookwood Gardens).
 
 [5]
 
 The Agency for Workforce Innovation, FUAC, and this Court are directed to liberally construe the unemployment compensation statute in favor of claimants who are unemployed through no fault of their own. § 443.031, Fla. Stat. (2009). This Court treats a party’s request for an improper remedy (the consideration of new evidence or information that must first be considered by the lower tribunal) as if the proper remedy had been sought. Fla. R. App. P. 9.040(c).
 

 We therefore vacate the order below and remand this case to FUAC for further remand to the Agency’s office of appeals for consideration of Ms. Ponce’s new information (including any testimony Ms. Ponce may obtain from the investigative witnesses), under section 443.151(3)(c) in a further telephonic hearing. We direct our Clerk to enclose with the parties’ service copies of this opinion a copy of the Court’s “Information for Persons Who Do Not Have a Lawyer” pamphlet in order that Ms. Ponce can seek legal assistance from a nearby legal services provider or volunteer “pro bono” attorney without charge.
 

 Order vacated and case remanded for further proceedings.
 

 [1]
 

 . Her employer for record purposes below was "Signature Payroll Services” of Palm Beach Gardens.
 

 [2]
 

 . The Agency considers the "date mailed” shown on the form to be controlling. It does not certify a date of service, include any identifiable person's signature, provide a postmark, or provide any evidence of a standard business practice for mailing the notices once the computer generates them.
 

 [3]
 

 . In her reply brief (a handwritten letter), Ms. Ponce alleges that she did not receive the information about the telephonic hearing until it had already taken place. She further alleges that she was then told when she "called the state” that the case was closed.
 

 [4]
 

 . The letter was received by FUAC on March 5, 2010 and by this Court as part of Ms. Ponce's appeal on March 22, 2010. FUAC evidently concluded that jurisdiction had been assumed by this Court, and thus took no further action.
 

 [5]
 

 . The alleged “new evidence or information” was timely under § 443.151(3)(c), as it was submitted within one year of the applicable benefit year, i.e., before December 13, 2010. The existing record contains no evidentiary support for the conclusion by the Agency's claims adjudicator that Ms. Ponce "was discharged for violation of a resident’s rights” as set forth in the Januaiy 2009 redetermination.