THOMAS, J.
In this unemployment compensation appeal, we must decide whether an attorney who becomes unemployed loses eligibility by working full time as a sole practitioner when his law firm earned a nominal amount of income during the relevant time period. We hold the Commission erred as a matter of law in its interpretation of the statutory definition of “totally unemployed” in section 443.036, Florida Statute, because that statute requires that a person work and receive remuneration. We interpret the statute to create two criteria that must be met before a person can be found ineligible under the statute’s definition of “totally unemployed.” We thus reverse and remand for further proceedings.
Appellant worked with a law firm, then left the firm and began his own firm in 2009. From his firm’s inception, he received no profits and drew no salary or other remuneration for the remainder of 2009 until March 5, 2010. Appellant’s 2009 tax return showed a loss of ordinary business income. Appellant prepared an income statement which was identified as his firm’s profit and loss standard for the period of August 1, 2009 through March 5, 2010, which reflects $190 in net ordinary income, and no expense for salary. Appellant received none of this amount, and he denied that the $190 was a “profit.” He testified that during this period, his firm had revenues of just under $12,000. During this time, he received one payment from his former employer, which was his only personal income. He lived on savings and unemployment benefits.
The former employer argued that Appellant was only entitled to unemployment benefits until his new law firm showed positive net income. Appellant argued that he had not earned any personal income, and even if the $190 was considered as such, the amount could not disqualify him receiving unemployment compensation.
*1183 The Commission ultimately determined that Appellant was not entitled to unemployment compensation because he was not “totally unemployed” during the relevant period of August 1, 2009, through March 5, 2010. The Commission interpreted the following statutory language to disqualify Appellant: “An individual is ‘totally unemployed’ in any week during which he or she' does not perform any services and for which earned income is not payable to him or her.” § 443.036(43)(a), Fla. Stat. (emphasis added). “Earned income” is defined as “gross remuneration derived from work, professional service, or self-employment ... [including] commissions, bonuses, ... and the cash value of all remuneration paid in a medium other that cash.” § 443.036(16), Fla. Stat.
The Commission’s appeals referee determined that Appellant was not unemployed because he worked full time, and thus he did “perform any services.” The appeals referee made no findings concerning remuneration. Appellant argues that the appeals referee erred in this conclusion because the statute requires that a person perform services and receive remuneration. We agree. See Grover v. Brumell Investigations, Inc., 915 So.2d 750 (Fla. 2d DCA 2005); Momsen v. State, Unemployment Appeals Comm’n, 706 So.2d 927 (Fla. 2d DCA 1998). While the Commission attempts to distinguish these cases and relies on DeLisi v. Florida Unemployment Appeals Commission, 646 So.2d 798 (Fla. 2d DCA 1994), we find the arguments unpersuasive. The-plain language of the relevant statutory provisions excludes only those persons who work and earn income from the definition of “totally unemployed.” The Commission’s contrary interpretation is clearly erroneous.
REVERSED and REMANDED. On remand, the Commission shall determine whether Appellant’s earned income was payable to him during the period in question.
WOLF and ROWE, JJ., concur.