FERNANDEZ, J.
This is an administrative appeal of an order from the Reemployment Assistance Appeals Commission (“Commission”) that affirmed a decision of a reemployment assistance appeals referee who held that Diana R. Pedraza was ineligible to receive reemployment assistance benefits because she did not qualify for Trade Readjustment Assistance (“TRA”) program under the Trade Act of 1974. We reverse.
The TRA program provides monetary assistance to workers who are adversely affected by foreign trade competition. To determine whether a worker is eligible under the TRA program, the worker’s annual wages at his or her current employment must be less than the annual wages from the former trade-affected employment and is calculated based upon the federal guidelines outlined in the Training and Employment Guidance Letter (TEGL) No. 22-08.
The federal guidelines state that the annual wages at separation from the trade affected employment are computed by multiplying the worker’s hourly rate received during the last full week of his or her employment by the number of hours the individual worked during the last full week of employment and multiplying that number by 52. Annualized wages at reemployment are defined similarly to annualized wages at separation, except that the hourly rate and hours worked must reflect those of the first full week of reemployment. Based upon this calculation method, the Commission found that Pedraza was not eligible to receive benefits under the *1255 TRA program because her annual wages at her current employment were higher than her annual wages from the previous trade-affected employment.
Pedraza worked for Boston Scientific Corporation (“Boston Scientific”) for seven years until her employment ended on September of 2011, as a result of foreign trade competition. Pedraza’s pay rate at Boston Scientific was $11.74 per hour. Pedraza was subsequently employed by Aveva in December of 2012 and her pay rate was $9.50 per hour.
Boston Scientific compensated Pedraza on a bi-weekly schedule. Pedraza’s last pay period for Boston Scientific was September 25, 2011. The last pay stub showed that Pedraza worked an average of nineteen and one-quarter hours per week during the last two weeks. The second to last pay period, which ended on September 11, 2011, showed that Pedraza worked seventy-two hours for two weeks. Pedraza claimed that she normally worked forty hours per week, which is evident in the first week of the September 11, 2011 pay period. But because the last week of the September 11, 2011 pay period included the Labor Day holiday, she worked only 32 hours that week.
The Commission calculated Pedraza’s yearly income from Boston Scientific by going back to the second week of the September 11, 2011 pay period. During that week, Pedraza worked thirty-two hours instead of her normal forty hours due to the Labor Day holiday. The Commission multiplied Pedraza’s wage of $11.74 per hour by thirty-two hours, equaling $375.68 per week. The Commission then multiplied $375.68 by fifty-two, which resulted in a net income of $19,535.36 per year from Boston Scientific.
The Commission next calculated Pedra-za’s yearly income from Aveva by looking at her first full week of employment. Pe-draza worked forty hours during that week. The Commission multiplied Pedra-za’s wage by forty, equaling $380 per week. The Commission then multiplied $380 by fifty-two, which resulted in a net income of $19,760 per year from Aveva. Based on these calculations, the Commission found that Pedraza was not entitled to benefits under the TRA program because her income at Aveva was higher than her income from Boston Scientific.
When calculating Pedraza’s income at Boston Scientific, the Commission should have looked at the first week of the September 11, 2011 pay period. Had the Commission done so, it would have accurately calculated her annual net income based on a forty hour work week, which was her normal work schedule at Boston Scientific. Pedraza’s forty hour weekly income of $469.60 would have been multiplied by fifty-two, resulting in an average yearly income of $24,419.20 at Boston Scientific. Based on these calculations, it is apparent that Pedraza was entitled to benefits under the TRA program because she was now earning less at Aveva than when she worked at Boston Scientific, as her yearly income was reduced by $4,659.20.
The Commission denied Pedreza the financial benefits because it incorrectly based its calculations on Pedraza’s last full week at Boston Scientific on a week when there was a national holiday. The Commission mistakenly interpreted the phrase “last full week of employment” as set out in the federal guidelines to mean the last week Pedraza worked full time. The Commission relied on Florida law to define full time employment as 32 hours or more per week.
We acknowledge that an agency’s interpretation of a statute, with which it is legislatively charged with administering, shall be accorded great weight and should *1256 not be overturned unless clearly erroneous, arbitrary, or unreasonable. Guido v. Vincam Human Resources, Inc., 729 So.2d 968, 969 (Fla. 3d DCA 1999). As such, we find that the Commission’s interpretation of what is the “last full week of employment” for purposes of determining a worker’s eligibility to receive TRA benefits was clearly erroneous. See Weiser v. Unemployment Appeals Comm’n, 406 So.2d 1200, 1201 (Fla. 4th DCA 1981)(ruling that the Commission’s construction of the phrase “26 weeks of employment” was flawed, and the worker was entitled to financial assistance under the TRA program).
The phrase “last full week of employment” should not be read as the last week an employee works full time as defined by Florida law. The phrase “last full week of employment” should be decided on a case-by-case analysis to determine how much the applicant normally worked while employed with the subject company. Thus, her last full week of employment at Boston Scientific was not the last week she worked full time, but rather it is the last week Pedraza worked her normal schedule. Pedraza worked for Boston Scientific for seven years at an average of forty hours a week. It was clearly erroneous for the Commission to calculate Pedraza’s last full week of employment in a week when there was a Labor Day holiday in which she was not required to work. We therefore reverse the decision of the Reemployment Assistance Appeals Commission because it was clearly erroneous and order that Pedraza receive benefits in accordance with her decrease in income in conformity with this opinion.
Reversed and remanded for further proceedings consistent with this opinion.
LAGOA, J., concurs.